Walter A. Lesnevich (3227)
Lesnevich & Marzano-Lesnevich
65 Route 4 East
River Edge, New Jersey 07661
(201) 342-2322; (201) 342-3943 Fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTOS TECH CO., LTD., | Civil Action No. 03-1979 (WHW) |
| Plaintiff, | Hon. |
| vs. | |
| OGK America, Inc. & Yale Kim a/k/a Youngil Kim, | **COMPLAINT** |
| Defendants. | FILED AT 8:30 5-1-03 WILLIAM T. WALSH CLERK |

Plaintiff, OTOS TECH CO., LTD. (OTOS), for its Complaint against defendants, OGK America, Inc. (OGK) and Yale Kim a/k/a Youngil Kim (Kim) states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff, OTOS is a corporation organized and existing pursuant to the laws of the Republic of South Korea with its principal place of business located at 149-27, Docksan-1 Dong, Kuemchun-Ku, Seoul, Korea.

2. Defendant, OGK is upon information and belief a corporation organized and existing pursuant to the laws of the State of New York with its principal place of business located at Suite 303, 111 Charlotte Place, Englewood Cliffs, New Jersey 07632.

3. Defendant, Kim is the president of OGK America, Inc. and maintains an office for business at Suite 303, 111 Charlotte Place, Englewood Cliffs, New Jersey 07632.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and the plaintiff and defendants are citizens of different States.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c).

## FACTUAL BACKGROUND

6. Plaintiff OTOS is a manufacturer of industrial equipment including welding equipment manufactured in Korea.

7. Commencing in 1999, plaintiff OTOS entered into a verbal agreement with defendant OGK and its president Kim to have OGK be its exclusive agent in the United States of America.

8. From 1999 until December 31, 2002, OGK acted in this capacity. OGK would have customers issue purchase orders to OGK and OGK would purchase from OTOS the equipment to be sold to the customers.

9. For its work OGK was paid a commission of four (4) percent in 1999, 2000 and 2001 and a commission of three (3) percent in 2002 of the total sales.

10. The relationship between the parties terminated on or about February 5, 2003.

11. There never was a written agreement between the parties. Each transaction stood on its own. Each party was free to discontinue the arrangement at any time it chose.

12. Payment was normally made by customers sending a check to OGK payable to OTOS and OGK forwarding it to OTOS.

13. On or about November 19, 2002, a customer, Hobart Retail Sales (Hobart), placed an order and owed OTOS the sum of $18,800.00.

14. On or about December 3, 2002, Hobart placed an order and owed OTOS the sum of $51,600.00.

15. On or about December 5, 2002, Hobart placed an order and owed OTOS the sum of $213,432.80.

16. On or about January 13, 2003, Hobart placed an order and owed OTOS the sum of $15,400.00.

17. On or about January 24, 2003, Hobart placed and order and owed OTOS $25,964.75.

18. These orders total $325,197.55.

19. On or about November 5, 2002, a customer, Miller Electric Manufacturing Company (Miller), placed an order and owed OTOS the sum of $235,496.00.

20. On or about November 12, 2002, Miller placed an order and owed OTOS the sum of $10,019.00.

21. On or about November 30, 2002, Miller placed an order and owed OTOS the sum $4,839.50.

22. On or about January 9, 2003, Miller placed an order and owed OTOS the sum of $3,780.00.

23. On or about January 21, 2003, Miller placed an order and owed OTOS the sum of $8,423.00.

24. These orders total $262,557.50.

25. The total therefore due to OTOS from these two customers was $587,755.05.

26. In January 2003, Hobart and Miller sent payment in full for the amounts owed to OTOS. They paid it by check made out to OGK. OGK was required to endorse the checks as payable to OTOS, as it had done in the past. Kim caused the checks to be cleared into the account of OGK, refused to send the money to OTOS and took the money for his own use.

27. OTOS has demanded payment of the $587,755.05 but Kim and OGK have refused to pay.

## FIRST COUNT

### (Embezzlement)

28. OTOS repeats and reiterates the allegations of Paragraphs 1 through 27 as is set forth herein at length.

29. Kim knew the $587,755.05 payments were the property of OTOS but seized the opportunity presented by the checks being made out to OGK to steal the money from OTOS.

**WHEREFORE,** Plaintiff, OTOS demands judgments against the defendants as follows:

- (a) for compensatory damages in the amount of $587,755.05;
- (b) for punitive damages;
- (c) for rescission of the Commission Agreement;
- (d) for interest;
- (e) for costs of suit;
- (f) for attorneys' fees; and
- (g) for such other relief as the Court deems just.

## SECOND COUNT

### (Goods Sold)

30. OTOS repeats and reiterates the allegations of Paragraphs 1 through 27 as is set forth herein at length.

31. OTOS sold the goods to OGK and OGK purchased the goods from OTOS.

32. OGK accepted a purchase invoice from the customers Hobart and Miller.

33. Payment is therefore due and owing to OTOS.

**WHEREFORE,** Plaintiff, OTOS demands judgment against the defendants as follows:

- (a) for compensatory damages in the amount of $587,755.05;
- (b) for interest;

 (c) for rescission of the Commission Agreement;

 (d) for costs of suit;

 (e) for attorneys' fees; and

 (f) for such other relief as the Court deems just.

## THIRD COUNT

### (Breach of Contract)

34. OTOS repeats and reiterates the allegations of Paragraphs 1 through 27 as is set forth herein at length.

35. Defendants breached the oral contract it had for the sale of these particular goods with OTOS by failing to pay OTOS for the goods.

**WHEREFORE,** Plaintiff, OTOS demands judgment against the defendants as follows:

 (a) for compensatory damages in the amount of $587,755.05;

 (b) for interest;

 (c) for rescission of the Commission Agreement;

 (d) for costs of suit;

 (e) for attorneys' fees; and

 (f) for such other relief as the Court deems just.

## FOURTH COUNT

### (Conversion)

36. OTOS repeats and reiterates the allegations of Paragraphs 1 through 27 as is set forth herein at length.

37. Kim, having been presented the opportunity by the customers' checks being made out to OGK, converted the funds to his purposes.

**WHEREFORE**, Plaintiff, OTOS demands judgment against the defendants as follows:

    (a)     for compensatory damages in the amount of $587,755.05;

    (b)     for punitive damages;

    (c)     for rescission of the Commission Agreement;

    (d)     for interest;

    (e)     for costs of suit;

    (f)     for attorneys' fees; and

    (g)     for such other relief as the Court deems just.

Lesnevich & Marzano-Lesnevich
Attorneys for Plaintiff

By _____
Walter A. Lesnevich (3227)

Dated: April 28, 2003

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

_____
Walter A. Lesnevich (3227)