WALTER A. LESNEVICH (3227)
Lesnevich & Marzano-Lesnevich
Court Plaza South
21 Main Street, West Wing
Hackensack, New Jersey 07601
(201) 488-1161; (201) 488-1162 Fax
Attorneys for Plaintiffs/Counterclaim
Defendants and Third Party Defendants,
Otos Optical Co., Ltd., and Moon Young Huh

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OTOS TECH CO., LTD., | Civil Action No. 03-1979   (WHW) |
| Plaintiff, | |
| vs. | |
| OGK America, Inc. & Yale Kim a/k/a Youngil Kim, | |
| Defendants/Third-Party Plaintiffs vs. | |
| OTOS OPTICAL CO., LTD., AND MOON YOUNG HUH | **(DOCUMENT FILED ELECTRONICALLY)** |
| Third-Party Defendants. | |

**BRIEF IN SUPPORT OF MOTION TO ENFORCE THE JUDGMENT OF THE SUPREME COURT OF KOREA**

**Of Counsel and On the Brief:**  Walter A. Lesnevich, Esq.

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| **Table of Citations** | . . . . . . | ii |
| **Legal Argument** | . . . . . . . | 1 |
| Point I | THE KOREAN-UNITED STATES TREATY REQUIRES THE RECOGNICTION OF THE KOREAN COURT JUDGMENT AS A SISTER STATE JUDGMENT. . . . | 1 |
| Point II | THE FACTS AND ISSUES IN QUESTION IN THE CASE IN KOREA AND THE CASE BEFORE THE UNITED STATES DISTRICT COURT OF NEW JERSEY ARE EXACTLY THE SAME. . . . . | 4 |
| Point III | ONLY THE ISSUE OF PUNITIVE DAMAGES REMAINS FOR THE UNITED STATES DISTRICT COURT. . | 7 |
| **Conclusion.** | . . . . . . . . | 8 |

**TABLE OF CITATIONS**

*CASES*

Choi v. Kim, 50 F.3rd 244 (3rd Circuit Court of Appeals, 1995). . . . . . . .   1, 2

United Pacific Insurance Company v. The Estate Of Lamanna, 181 N.J. Super. 149 (Law Div. 1981).   2

**TREATIES**

The Treaty of Friendship, Commerce and Navigation Between the United States of America and the Republic of Korea, November 28, 1956, 8 U.S.T. 2217.   .   .   .   .   .   .   .   .   1, 7

LEGAL ARGUMENT

POINT I

<u>THE KOREAN-UNITED STATES TREATY REQUIRES THE RECOGNICTION OF THE KOREAN COURT JUDGMENT AS A SISTER STATE JUDGMENT</u>

<u>The Treaty of Friendship, Commerce and Navigation Between the United States of America and the Republic of Korea</u>, 8 U.S.T. 2217, elevates a Korean Court judgment to the status of a sister state judgment. The primary case dealing with this issue is <u>Choi v. Kim</u>, 50 F.3rd 244(3rd Circuit Court of Appeals, 1995).

<u>Choi</u> interpreted the Treaty and explained it in depth. While <u>Choi</u> held that the Korean procedure did not comport with due process and therefore the judgment was not entitled to full faith and credit, it explained the Treaty and its implication. <u>Choi</u> makes it evident that this Treaty governs this case and requires that full faith and credit be given to the judgment of the Korean Court herein.

<u>The Treaty of Friendship, Commerce and Navigation between the United States and the Republic of Korea,</u> (hereinafter "The Treaty"), makes Korea the same as any one of the fifty United States when a Court evaluates a decision of its' Courts. It is not the only Treaty of this type, as there

1

are Treaties with other countries, but it is clear that the Republic of Korea and the United States are bound by this agreement.

The Court, therefore, must examine the decision of the Korean Court as if it were a sister state judgment. In New Jersey, sister state judgments are entitled to full faith and credit. United Pacific Insurance Company v. The Estate of Lamanna, 181 N.J. Super. 149 (Law Div. 1981). However, "New Jersey Courts will not enforce those foreign judgments when the rendering state lacks personal jurisdiction over the judgment debtor or subject matter jurisdiction, or failed to provide the judgment debtor adequate notice and an opportunity to be heard". Estate of Lamanna at 968-74.

In Choi v. Kim the issue was whether Korea provided the debtor defendant with notice of the entry of the Order of Execution and an opportunity to be heard as to its validity. The 3rd Circuit held that it had not done so and, therefore, the 3rd Circuit found that the Korean procedure did not comport with due process.

In the case at bar, it is obvious that the Choi defect is not present. Not only was defendant, Young Il Kim, given notice and an opportunity to appear before the Court in Korea, he and his attorneys did appear, argued, and submitted documents and testimony. As can readily be seen by reviewing the attachments herein, the case was tried in Korea to a judgment.

That judgment is entitled to full faith and credit as if it were a judgment, for example, of New York State or Florida.

## POINT II

## THE FACTS AND ISSUES IN QUESTION IN THE CASE IN KOREA AND THE CASE BEFORE THE UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY ARE EXACTLY THE SAME

How similar were the proceeding in Korea to the proceedings presently scheduled for trial before this Court?  One way to obtain a rapid answer is to review the brief submitted by the lawyers for Young Il Kim in the Korean case, at Exhibit B.  In its conclusion Kim's attorneys state: "I would conclude that it is an abuse of the legal system by the plaintiff to file a duplicate lawsuit in Korea on case that would be decided around the same time whether it is done in the US or Korea".  Defendant's legal representatives state that these two cases are "duplicates".

Furthermore, in Exhibit B at item 4 "Concerning the duplication of lawsuits", defendant Kim argued that: "In the end the U.S. lawsuits and the Korean lawsuits are identical lawsuits".  (the last sentence of paragraph number 4)

A review of the testimony of the witness Hae-Myung Lee at Exhibit C demonstrates that exactly the same issues are in controversy and are testified to in both cases.

A review of the testimony of the defendant Young Il Kim at Exhibit E reveals that exactly the same issues are in controversy and are testified to.

In the decision of the United States District Court, Judge William H. Walls, denying summary judgment to both parties the Court found several issues that had to be decided.

In Your Honor's decision of June 2, 2005 you listed several open issues in the DISCUSSION portion.  At the last sentence in number 1 "Oral Contract" you said: "Because there is a genuine issue of fact as to the duration of the contract and how the contract was terminated, summary judgment on this issue is denied to both parties".  The Court in Korea dealt with the issue of termination when it found that "… the plaintiff stopped the execution of agency duties until an agreement was made and discussion between the plaintiff and the defendant concerning the commission rate and the contract duration wasn't going smoothly, so it cannot be said that the plaintiff had properly terminated the contract." (3) Point of Contention (B) "The Decision" (3) at page 15.

In the United States District Court's Decision a question was set forth at II (The February 5 Agreement).  The Court held that there was a genuine issue of material fact as to whether the plaintiff intended to accept the offer when it remained silent for twenty-four days.  This issue was also decided

by the Korean Court when it stated "We also cannot accept that the plaintiff implicitly agreed to the defendant's demands of compensation for three – years expected profits just because the plaintiff did not immediately express his disagreement on the above mentioned e-mail dated February 5, 2003 and delayed the demand to return the export payment until the 27th of the same month…" (3) Point of Contention (B) "The Decision" (2) at page 13.

Further in II the United States District Court questioned whether plaintiff intended to accept the offer. The Korean Court held "… (Continuing the sentence above) nor is there any evidence that establishes the fact that the plaintiff and the defendant made an agreement to end the agency relationship, to let the defendant receive a three years worth of expected profits from the plaintiff, and to deduct the sum from the export payment that the defendant was suppose to remit to the plaintiff". The Court went on to say: "We stipulate the following facts to be true; in response to the above mentioned e-mail the plaintiff sent an e-mail rejecting this demand on February 4, 2003 and that the plaintiff sent an e-mail demanding the defendant to temporarily suspend his agency duty on February 5, 2003…" (3) Point of Contention (B) "The Decision" (3) at page 13.

# POINT III

## ONLY THE ISSUE OF PUNITIVE DAMAGES REMAINS FOR THE UNITED STATES DISTRICT COURT

The trial in Korea heard the same witnesses that would be heard in the United States District Court, heard testimony about the same issues and had similar submissions. The fact is the issue before the Court in Korea and the issue before this Court arose from the same thing: The agency relationship and termination thereof between OTOS Tech and Young Il Kim. Pursuant to the Treaty, the decision of the Korean Court must be given full faith and credit and enforced.

A review of the Amended Complaint and Amended Counterclaim in this matter reveals that the only issue not decided by the Korean Court is the issue of Punitive Damages sought by the plaintiff. That issue is for trial before this Court.

In the Counterclaim, at the Fifth Count, the Counterclaimant argued for tortuous interference with economic advantage. This had to do with the relationship between Kim and OGK Korea, Inc. However, no evidence was presented of this and this issue was not incorporated into the Pre-Trial Memorandum. This issue is not rightfully before this Court.

## CONCLUSION

For the reasons submitted it is respectfully requested that this Court order the judgment of the Court of the Republic of Korea to be entered and enforced.

s/   Walter Lesnevich (WL 3227)
Lesnevich & Marzano-Lesnevich
Court Plaza South
21 Main Street
Hackensack, NJ  07601
(201) 488-1161
FAX: (201) 488-1162
wal@lesnevichlaw.com

Dated:       February 28, 2006