**KEVIN J. CONYNGHAM (0135)**
**ZIMMERER, MURRAY & CONYNGHAM**
**Park 80 West, Plaza One**
**Saddle Brook, NJ 07663**
**Tel. (201) 845-7077**
**Attorneys for Defendants/counterclaimants and third-party plaintiffs, OGK America, Inc. & Yale Kim a/k/a Youngil Kim**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTOS TECH CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>OGK AMERICA, INC. & YALE KIM A/K/A YOUNGIL KIM,<br><br>Defendants/Third-Party Plaintiffs<br><br>vs.<br><br>OTOS OPTICAL CO., LTD., and MOON YOUNG HUH<br><br>Third-Party Defendants. | CIVIL ACTION NO: 03-1979 (WHW)<br><br>Hon. William H. Walls, U.S.D.J.<br><br>**CERTIFICATION OF YALE KIM A/K/A YOUNGIL KIM IN OPPOSITION TO MOTION TO ENFORCE FOREIGN JUDGMENT OF KOREA**<br><br>**(Document Filed Electronically)** |

YOUNGIL KIM, being of full age, certifies and says:

1. I am a defendant in the above matter.

2. I make this Certification in opposition to the Motion to Enforce a Foreign Judgment filed by the plaintiff.

3. OGK America, Inc., is a New Jersey corporation formed in 1995. I am the president and my wife and I are its sole shareholders.

4. My wife and I moved to the United States from Korea in 1985. I have a valid alien residence card. My wife is a naturalized United States citizen.

5. I have spent several thousands of dollars in defending two cases involving the identical parties in this matter and the related matter in Korea. I first learned of the lawsuit in Korea when I received a Provisional Attachment of my commissions from Korea OGK Co., Ltd. See Exhibit A, copy of Provisional Attachment and my translation the Provisional Attachment.

6. The proceeding in Korea was heard by a judge only and not before a jury. It involved only two witnesses that testified at trial consisting of myself and Kevin Lee, employee of OTOS Tech Co., Ltd., and OTOS Optical Co., Ltd. Moon Young Huh, the president and owner of OTOS Tech Co., Ltd., and OTOS Optical Co., Ltd., did not testify nor was any testimony submitted by him before the judge in Korea.

7. According to the decision of the judge in Korea, the only point of contention at trial was whether an agreement was made on February 5, 2003 which authorized me to deduct three years of expected profits from the "export payment checks to be remitted to the plaintiff" which has been referenced in both litigated matters as the "mutual agreement" or the February 5, 2003 agreement.

8. The case in Korea did not involve the various causes being pursued in the present matter involving breach of the oral contract between that parties, the claim for breach of the implied covenant of good faith and fair dealing and my claim for compensation for my actual time and efforts referred to as a quantum meruit claim.

9. I do not believe the court in this matter should enforce the judgment from Korea on the February 5, 2003 agreement because I have filed an appeal in that matter which is expected to be decided in September, 2006. See Exhibit B, Copy of Appeal filed in Korea, first page only.

10. Even though my attorney filed an appeal in Korea, the plaintiff seized two things in Korea. One is my apartment in Kyounggi-Do (suburban area of Seoul, Korea--worth about $150,000), the other one is my commission from Korea OGK Co., Ltd. My only income in 2004 and 2005 was by commissions paid to me by Korea OGK, which Otos seized).

11. By the judgment of the court in Korea, Otos was entitled to execute its right for these two assets. Otos has put my apartment on the auction first. According to the court officer, it will take about three to six months for actual auction due to processing time.

12. In addition, Korean judge applied 20% interest on the judgment in Korea (apparently in an attempt to expedite pay off of the judgment in Korea).

13. I have an appeal pending in Korea which focuses upon the errors of the judge in not upholding the "mutual agreement". I am also arguing the error in allowing a similar lawsuit to proceed while I was involved in the United States District Court lawsuit. Finally, I am seeking to overturn the decision for failure of the court to apply Korean law that would allow me to be paid a mandatory amount of the sales agency's right which is based on an average of yearly commission over five years.

14. Accordingly, for this reason and the reasons set forth in the opposition prepared by my attorneys, I respectfully request that the motion to enforce the judgment in Korea be denied.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Youngil Kim

Dated: March 28, 2004

# EXHIBIT A

# Ruling of provisional attachment

**No.2 Civil court of Ansan Branch, Soowon district.**

Case # : 2004 1333 Provisional attachement of obligatory right

Obligee : Otos Tech Co., LTD.
234-12 kasan-Dong, Keumchun-Ku, Seoul, Korea
President Moon Young Huh

Obligor : Youngil Kim
OGK America, Inc.
111 Charlotte Place # 303, Englewood Cliffs, NJ 07632
delivery address : #706-207 Jookong Apt. 670 Kojan-Dong
Danwon-Ku, Ansan city.

3rd obligor : Korea OGK Co., LTD.
261-6 Ganhyun-Ri, Jijung-Myun, Wonjoo City
President : Soo An Park

Request (ruling decision)

Provisional attachment of obligor's credit to the 3rd obligor was ruled by this court.
The 3rd obligor should not pay to the obligor for this credit.
The obligor may appeal to the court of cancellation or cease of this ruling with depositing a bond of below amount.
Content of claimed credit : Usurpation
Amount of claim : Won 690,200,696.- (equivalent $ 587,755.05)

Reason

This court accepted obligee's claim after receiving deposition bond.

2004. 12. 9
Clark Jumsoo Park

2004. 12. 9

Chief judge Inwook Kim
Judge Jaeho Park
Judge Sungkwan Moon

- **1. This decision of ruling provisional attachment was judged by the documentation provided by the obligee.**
- **2. Obligor may appeal to the court for this decision for its cancellation or cease of this ruling.**

**List of attachment**

**Amount : Won 690,200,696.-**

**The 3rd obligee's unpaid commission to the obligee as well as future commission amount to be paid to the obligee until it reaches amount of Won 690,200,696.-**

05- 1-13;12:25PM; # 1/ 3

원주시 지정면 간현리 261-6

제3채무자 주식회사 한국오.지.케이.
대표이사 박수안

220-822

(민사신청과 제2민사부)

# 수원지방법원 안산지원
## 제2민사부
## 결 정

사 건 2004카합 1333 채권가압류

채 권 자 오토스테크 주식회사
서울 금천구 가산동 234-12
대표이사 허문영

소송대리인 변호사 윤기정, 장승룡, 음장복

채 무 자 김 영 일
오지케이 아메리카 아이엔씨 111 샤롯데 플레이스 # 303 엔젤우드 플리프스, 뉴저지주 07632
송달장소 : 안산시 단원구 고잔동 670 주공아파트 706동 207호

제3채무자 주식회사 한국오.지.케이
원주시 지정면 간현리 261-6
대표이사 박수안

## 주 문

채무자의 제3채무자에 대한 별지 기재 채권을 가압류한다.

제3채무자는 채무자에게 위 채권에 관한 지급을 하여서는 아니된다.

채무자는 다음 청구금액을 공탁하고 집행정지 또는 그 취소를 신청할 수 있다.

청구채권의 내용 횡령금

청구금액 금 690,200,696 원

## 이 유

이 사건 채권가압류 신청은 이유 있으므로 담보로 공탁보증보험증권(서울보증보험주식회사 증권번호 제 137-052-200406045790호)을 제출받고 주문과 같이 결정한다.

정 본 입 니 다.
2004. 12. 9.
법원주사보 박점수

2004. 12. 9.

재판장 판사 김 인 욱

판 사 박 재 호

판 사 문 성 관

※ 1. 이 가압류 결정은 채권자가 제출한 소명자료를 기초로 판단한 것입니다.
2. 채무자는 이 결정에 불복이 있을 경우 가압류이의나 취소신청을 이 법원에 제기할 수 있습니다.

별지목록

금 690,200,696원

채무자가 제3채무자에 대하여 가지는 미지급된 수수료(커미션) 및 제3채무자로부터 매월 또는 2개월에 한번씩 지급받는 수수료(커미션)에 대하여 위 청구금액에 이를 때까지의 금액.

* 이것이 12月에 한국 OGK에 왔다는데, 나는 어제야 집의 가압류 서류와 함께 안산에서 받았다고 우리 어머님으로 부터 연락 받았어.

* 내가 Counter claim을 $1.1 Million을 하였는데 거꾸로 내가 가압류 신청을 할 수 있는 方法도 없는지? 취소 청구와 함께.

* 공탁 보증 보험 증권은 어떻게 사는 것인지? 위의 6억 구천만원을 전부 공탁해야 취소 청구가 가능한 것인지?

# EXHIBIT B

# 준 비 서 면

| | | |
|---|---|---|
| 사 | 건 | 2006 나 13386 부당이득금반환 |
| 원 | 고(피항소인) | 오토스테크주식회사 |
| 피 | 고(항 소 인) | 김영일 |

위 사건에 관하여 피고(항소인, 이하 피고라고 합니다)의 소송대리인은 다음과 같이 변론을 준비합니다.

다 음

## I. 이 사건 소는 중복제소에 해당하여 부적법하므로 각하되어야 합니다. (본안전 항변)

### 1. 원심판결의 취지

원고(피항소인, 이하 원고라고 합니다) 는 2003. 5. 1. 미국 연방법원에 피고를 상대로 소송을 제기하였고, 2005. 3. 국내법원에 이 사건 소송을 다시 제기하였습니다. 이에 대하여 피고는 전소와 후소가 동일 사건이므로 이 사건 소는 중복제소에 해당하여 각하되어야 한다고 주장하였으나 원심은 "외국 법원에 계속 중인 소송과 같은 사건에 대하여 우리나라의 법원에 소를 제기하는 것이 중복된 소제기로 금지된다고 할 수는 없다"고 판시