KEVIN J. CONYNGHAM (0135)
ZIMMERER, MURRAY & CONYNGHAM
Park 80 West, Plaza One
Saddle Brook, NJ 07663
Tel. (201) 845-7077
Attorneys for Defendants/counterclaimants and third-party plaintiffs, OGK America, Inc. &
Yale Kim a/k/a Youngil Kim

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTOS TECH CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>OGK AMERICA, INC. & YALE KIM A/K/A YOUNGIL KIM,<br><br>Defendants/Third-Party Plaintiffs<br><br>vs.<br><br>OTOS OPTICAL CO., LTD., and MOON YOUNG HUH<br><br>Third-Party Defendants. | CIVIL ACTION NO: 03-1979 (WHW)<br><br>Hon. William H. Walls, U.S.D.J.<br><br>**CERTIFICATION OF KEVIN J. CONYNGHAM, ESQ. IN OPPOSITION TO MOTION TO ENFORCE FOREIGN JUDGMENT OF KOREA**<br><br>(Document Filed Electronically) |

KEVIN J. CONYNGHAM, ESQ., of full age, hereby certifies as follows:

1. I am an attorney-at-law of the State of New Jersey, a partner in the firm of Zimmerer, Murray & Conyngham, attorneys for the defendants/counterclaimants and third-party plaintiffs, OGK America, Inc. & Yale Kim a/k/a Youngil Kim. I am the attorney assigned to handle the defense on behalf of these defendants in the above-captioned litigation and n that capacity am fully familiar with the facts stated herein.

2. Annexed hereto as Exhibit A is a true copy of the complaint by plaintiffs filed with the clerk on May 1, 2003.

Case 2:03-cv-01979-WHW-RJH   Document 25-3   Filed 04/03/06   Page 2 of 15

3. Annexed hereto as Exhibit B is a true copy of the Answer, Counterclaim and Third-Party Compliant with Jury Demand filed with the clerk on July 18, 2003.

4. Annexed hereto as Exhibit C is a true copy of the Answer to Counterclaim and Answer to Third-Party Complaint filed on July 24, 2003.

5. Annexed hereto as Exhibit D is a true copy of the Amended Complaint by plaintiffs filed with the clerk in January, 2006.

6. Annexed hereto as Exhibit E is a true copy of the Answer to the Amended Complaint Counterclaim and Third-Party Compliant with Jury Demand filed with the clerk on September 29, 2004.

7. Annexed hereto as Exhibit F is a true copy of the May 4, 2005 correspondence submitted by the attorneys in this matter to the Honorable William H. Walls agreeing that "There are ongoing legal proceedings in the Republic of Korea that will be impacted by resolution of this matter in the United States District Court."

8. Annexed hereto as Exhibit G is a true copy of the written decision of the Honorable William H. Walls dated June 2, 2005, denying Plaintiff's and Third Party Defendants' Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment finding, in pertinent part, that there are numerous genuine issues of fact that should be decided the jury.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                    /s/ Kevin J. Conyngham
                                                    Kevin J. Conyngham

Dated: April 3, 2006

# EXHIBIT A

Walter A. Lesnevich (3227)
Lesnevich & Marzano-Lesnevich
65 Route 4 East
River Edge, New Jersey 07661
(201) 342-2322; (201) 342-3943 Fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTOS TECH CO., LTD., | Civil Action No. 03-1979 (WHW) |
| Plaintiff, | Hon. |
| vs. | |
| OGK America, Inc. & Yale Kim a/k/a Youngil Kim, | COMPLAINT |
| Defendants. | |

FILED
AT 8:30  5-1-03
WILLIAM T. WALSH
CLERK

Plaintiff, OTOS TECH CO., LTD. (OTOS), for its Complaint against defendants, OGK America, Inc. (OGK) and Yale Kim a/k/a Youngil Kim (Kim) states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, OTOS is a corporation organized and existing pursuant to the laws of the Republic of South Korea with its principal place of business located at 149-27, Docksan-1 Dong, Kuemchun-Ku, Seoul, Korea.

2. Defendant, OGK is upon information and belief a corporation organized and existing pursuant to the laws of the State of New York with its principal place of business located at Suite 303, 111 Charlotte Place, Englewood Cliffs, New Jersey 07632.

3. Defendant, Kim is the president of OGK America, Inc. and maintains an office for business at Suite 303, 111 Charlotte Place, Englewood Cliffs, New Jersey 07632.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and the plaintiff and defendants are citizens of different States.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c).

## FACTUAL BACKGROUND

6. Plaintiff OTOS is a manufacturer of industrial equipment including welding equipment manufactured in Korea.

7. Commencing in 1999, plaintiff OTOS entered into a verbal agreement with defendant OGK and its president Kim to have OGK be its exclusive agent in the United States of America.

8. From 1999 until December 31, 2002, OGK acted in this capacity. OGK would have customers issue purchase orders to OGK and OGK would purchase from OTOS the equipment to be sold to the customers.

9. For its work OGK was paid a commission of four (4) percent in 1999, 2000 and 2001 and a commission of three (3) percent in 2002 of the total sales.

10. The relationship between the parties terminated on or about February 5, 2003.

PAGE 9/15 * RCVD AT 5/15/2003 10:39:02 AM [Eastern Daylight... * SVR:RF/3 * DNIS:500 * CSID:2015673832 * DURATION (ss):07:42

11. There never was a written agreement between the parties. Each transaction stood on its own. Each party was free to discontinue the arrangement at any time it chose.

12. Payment was normally made by customers sending a check to OGK payable to OTOS and OGK forwarding it to OTOS.

13. On or about November 19, 2002, a customer, Hobart Retail Sales (Hobart), placed an order and owed OTOS the sum of $18,800.00.

14. On or about December 3, 2002, Hobart placed an order and owed OTOS the sum of $51,600.00.

15. On or about December 5, 2002, Hobart placed an order and owed OTOS the sum of $213,432.80.

16. On or about January 13, 2003, Hobart placed an order and owed OTOS the sum of $15,400.00.

17. On or about January 24, 2003, Hobart placed and order and owed OTOS $25,964.75.

18. These orders total $325,197.55.

19. On or about November 5, 2002, a customer, Miller Electric Manufacturing Company (Miller), placed an order and owed OTOS the sum of $235,496.00.

20. On or about November 12, 2002, Miller placed an order and owed OTOS the sum of $10,019.00.

21. On or about November 30, 2002, Miller placed an order and owed OTOS the sum $4,839.50.

FROM : OGK AMERICA    PHONE NO. : 2015673832    May. 08 2003 09:14PM P9

PAGE 10/15 * RCVD AT 5/15/2003 10:39:02 AM [Eastern Day... 'Time] * SVR:RF3 * DNIS:500 * CSID:2015673832 * DURATION (ss):07:42

22. On or about January 9, 2003, Miller placed an order and owed OTOS the sum of $3,780.00.

23. On or about January 21, 2003, Miller placed an order and owed OTOS the sum of $8,423.00.

24. These orders total $262,557.50.

25. The total therefore due to OTOS from these two customers was $587,755.05.

26. In January 2003, Hobart and Miller sent payment in full for the amounts owed to OTOS. They paid it by check made out to OGK. OGK was required to endorse the checks as payable to OTOS, as it had done in the past. Kim caused the checks to be cleared into the account of OGK, refused to send the money to OTOS and took the money for his own use.

27. OTOS has demanded payment of the $587,755.05 but Kim and OGK have refused to pay.

## FIRST COUNT

(Embezzlement)

28. OTOS repeats and reiterates the allegations of Paragraphs 1 through 27 as is set forth herein at length.

29. Kim knew the $587,755.05 payments were the property of OTOS but seized the opportunity presented by the checks being made out to OGK to steal the money from OTOS.

FROM : OGK AMERICA    PHONE NO. : 2015673832    May. 08 2003 09:15PM P10

WHEREFORE, Plaintiff, OTOS demands judgments against the defendants as follows:

    (a)    for compensatory damages in the amount of $587,755.05;

    (b)    for punitive damages;

    (c)    for rescission of the Commission Agreement;

    (d)    for interest;

    (e)    for costs of suit;

    (f)    for attorneys' fees; and

    (g)    for such other relief as the Court deems just.

## SECOND COUNT

### (Goods Sold)

30. OTOS repeats and reiterates the allegations of Paragraphs 1 through 27 as is set forth herein at length.

31. OTOS sold the goods to OGK and OGK purchased the goods from OTOS.

32. OGK accepted a purchase invoice from the customers Hobart and Miller.

33. Payment is therefore due and owing to OTOS.

WHEREFORE, Plaintiff, OTOS demands judgment against the defendants as follows:

    (a)    for compensatory damages in the amount of $587,755.05;

    (b)    for interest;

PAGE 12/15 * RCVD AT 5/15/2003 10:39:02 AM [Eastern Day] * SVR:RF/3 * DNIS:500 * CSID:2015673832 * DURATION (ss):07:42

(c)     for rescission of the Commission Agreement;

(d)     for costs of suit;

(e)     for attorneys' fees; and

(f)     for such other relief as the Court deems just.

### THIRD COUNT

(Breach of Contract)

34.     OTOS repeats and reiterates the allegations of Paragraphs 1 through 27 as is set forth herein at length.

35.     Defendants breached the oral contract it had for the sale of these particular goods with OTOS by failing to pay OTOS for the goods.

WHEREFORE, Plaintiff, OTOS demands judgment against the defendants as follows:

(a)     for compensatory damages in the amount of $587,755.05;

(b)     for interest;

(c)     for rescission of the Commission Agreement;

(d)     for costs of suit;

(e)     for attorneys' fees; and

(f)     for such other relief as the Court deems just.

### FOURTH COUNT

(Conversion)

FROM : OGK AMERICA    PHONE NO. : 2015673832    May. 08 2003 09:15PM P12

PAGE 13/15 * RCVD AT 5/15/2003 10:39:02 AM [Eastern Day]... * SVR:RF/3 * DNIS:500 * CSID:2015673832 * DURATIO[N]...:ss):07:42

36. OTOS repeats and reiterates the allegations of Paragraphs 1 through 27 as is set forth herein at length.

37. Kim, having been presented the opportunity by the customers' checks being made out to OGK, converted the funds to his purposes.

WHEREFORE, Plaintiff, OTOS demands judgment against the defendants as follows:

(a) for compensatory damages in the amount of $587,755.05;

(b) for punitive damages;

(c) for rescission of the Commission Agreement;

(d) for interest;

(e) for costs of suit;

(f) for attorneys' fees; and

(g) for such other relief as the Court deems just.

Lesnevich & Marzano-Lesnevich
Attorneys for Plaintiff

By _____
Walter A. Lesnevich (3227)

Dated: April 28, 2003

### CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

_____
Walter A. Lesnevich (3227)

FROM : OGK AMERICA    PHONE NO. : 2015673832    May. 08 2003 09:16PM P13

PAGE 14/15 * RCVD AT 5/15/2003 10:39:02 AM [Eastern Day] * SVR:RF/3 * DNIS:500 * CSID:2015673832 * DURATION (ss):07:42

DISTRICT OF NEW JERSEY
NEWARK, NEW JERSEY 07101-0419

Local Civil Rule 10.1(b) requires docket number and name of district judge on all pleadings filed with this office.

| | | |
|---|---|---|
| OTOS TECH CO., LTD. | : | Civil Action No. 2:03cv01979 |
| Plaintiff(s) | : | |
| v. | : | NOTICE OF ALLOCATION and ASSIGNMENT |
| OGK AMERICA, INC. | : | |
| Defendant(s) | : | |

ALLOCATION: Pursuant to Local Civil Rule 40.1(a), I have allocated this action to NEWARK. Please file all pleadings and make all motions returnable there.

ASSIGNMENT: This action has been assigned to United States District Judge William H. Walls for trial. Discovery and other non-dispositive matters have been assigned to United States Magistrate Judge Susan D. Wigenton.

MEDIATION: You may consent to mediation of this action pursuant to Local Civil Rule 301.1. However, this matter may be referred to mediation by a judicial officer regardless of consent. See Attached.

MAGISTRATE JUDGE JURISDICTION: You may consent to conduct all proceeding, including trial and the entry of final judgment, before the United States Magistrate Judge in accordance with the provisions of 28 U.S.C. & 636(c).

NOTICE TO COUNSEL AND PRO SE LITIGANTS: The Court has directed that counsel and pro se litigants be advised that there will be STRICT ENFORCEMENT of Local Civil Rules 16.1 (pretrial conferences; scheduling; case management) and 26.1 (discovery). Sanctions may be imposed for failure to comply with the local rules and orders entered pursuant thereto. Sanctions may include dismissal of the action and suppression of the defense.

WILLIAM T. WALSH
CLERK

by: DIANNE C. RICHARDS
Deputy Clerk

Date: 05/07/03

ORIGINAL FILED
5-7-03
WILLIAM T. WALSH, CLERK

DNJ-Civ-001(05/00)

FROM : OGK AMERICA    PHONE NO. : 2015673832    May. 08 2003 09:16PM P14

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution ("ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Ronald J. Hedges) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. The first six hours of a mediator's time is free. The mediator's hourly rate thereafter is $250.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site PACER, (pacer.njd.uscourts.gov) and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

Civil actions in which there are pro se parties (incarcerated or not) are not eligible for mediation.

DNJ-Med-001(08/01)

# LESNEVICH & MARZANO-LESNEVICH
## Attorneys At Law

WALTER A. LESNEVICH+
CERTIFIED BY THE SUPREME COURT OF NEW
JERSEY AS A CIVIL TRIAL ATTORNEY

CERTIFIED BY THE SUPREME COURT OF NEW
JERSEY AS A CRIMINAL TRIAL ATTORNEY

MADELINE MARZANO-LESNEVICH
FELLOW OF THE AMERICAN ACADEMY OF
MATRIMONIAL LAWYERS

CERTIFIED BY THE SUPREME COURT OF NEW
JERSEY AS A MATRIMONIAL LAW ATTORNEY

65 ROUTE 4 EAST
RIVER EDGE, N.J. 07661
(201) 342-2322

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, SUITE 4400
NEW YORK, N.Y. 10118-0110
(212) 564-2770

FAX: 201-342-3943
e-mail: lesnevich@msn.com

AMANDA S. TRIGG+
SCOTT A. LATERRA
MICHAEL R. MILDNER+
SARAH J. TREMML

Certified Paralegal
Lakisha Griffin



May 13, 2003

OGK America, Inc.
111 Charlotte Place
Englewood Cliffs, NJ
07632

    RE:  Otos Tech Co. v. OGK America, Inc and Yale Kim
          Docket No. 03-1979(WHW)

Dear Sir or Madam:

    Enclosed are a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of a Waiver of Service, Complaint and a self addressed stamped envelope in the above referred matter.

    As explained in complete detail in the enclosed documents, a party in a federal lawsuit has a duty to avoid the unnecessary costs of service of the summons and complaint. If you agree to waive service, please sign a copy of the Waiver and return it to me in the enclosed envelope.

    Thank you for your attention to this matter.

Sincerely yours,

Walter A. Lesnevich

Enc.
cc:  Otos Tech Co. (w/ Enc.)

*ADMITTED IN NEW JERSEY AND NEW YORK

PAGE 3/15 * RCVD AT 5/15/2003 10:39:02 AM [Eastern Daylight Time] * SVR:RF/3 * DNIS:500 * CSID:2015673832 * DURATION (mm-ss):07-42

PAGE 5/15 * RCVD AT 5/15/2003 10:39:02 AM [Eastern Day]i * SVR:RF/3 * DNIS:500 * CSID:2015673832 * DURATION (ss):07:42

Walter A. Lesnevich (3227)
Lesnevich & Marzano-Lesnevich
65 Route 4 East
River Edge, NJ 07661
(201) 342-2322; (201) 342-3943 Fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTOS TECH CO., LTD., | Civil Action No. 03-1979 |
| Plaintiff, | Hon. (WHW) |
| vs. | |
| OGK America, Inc. & Yale Kim a/k/a Youngil Kim, | SUMMONS |
| Defendants. | |

TO:   OGK America, Inc.
      111 Charlotte Place
      Englewood Cliffs, NJ
      07632

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY:

Walter A. Lesnevich
Lesnevich & Marzano-Lesnevich
65 Route 4 East
River Edge, NJ 07661

an Answer to the Complaint which is served upon you with this Summons within twenty (20) days after service of this Summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. Any Answer that you serve on the parties in this action must be filed with the Clerk of this Court within a reasonable period of time after service

WILLIAM T. WALSH                           5-7-03
_____                    _____
CLERK                                       DATE
DIANNE C. RICHARDS   /s/
(By) Deputy Clerk

FROM : OGK AMERICA        PHONE NO. : 2015673832        May. 08 2003 09:12PM P5

(Rev. 3/99)

JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Otos Tech Co., Ltd.

### DEFENDANTS
OGK America, Inc. and Yale Kim a/k/a Youngil Kim

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Seoul, Korea
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Bergen
(IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Walter Lesnevich (3227)
Lesnevich & Marzano-Lesnevich
85 Route 4 East, River Edge, NJ 07661
(201) 342-2322

ATTORNEYS (IF KNOWN)
Unknown

### II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties IN Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |

### V. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 Original Proceeding (circled)
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (Specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Breach of contract action based on diversity jurisdiction pursuant to 28 U.S.C. 1332 (a)

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ $587,755.05
JURY DEMAND: ☐ YES ☒ NO

### VIII. RELATED CASE(S) IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE 4/30/03
SIGNATURE OF ATTORNEY OF RECORD /s/

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____