WALTER A. LESNEVICH (3227)
Lesnevich & Marzano-Lesnevich
Court Plaza South
21 Main Street, West Wing
Hackensack, New Jersey 07601
(201) 488-1161; (201) 488-1162 Fax
Attorneys for Plaintiffs/Counterclaim
Defendants and Third Party Defendants,
Otos Optical Co., Ltd., and Moon Young Huh

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OTOS TECH CO., LTD., | : | Civil Action No. 03-1979   (WHW) |
| Plaintiff, | : | |
| vs. | : | |
| OGK America, Inc. & Yale Kim a/k/a Youngil Kim, | : | |
| Defendants/Third-Party Plaintiffs vs. | : | |
| OTOS OPTICAL CO., LTD., AND MOON YOUNG HUH | : | **(DOCUMENT FILED ELECTRONICALLY)** |
| Third-Party Defendants. | : | |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE THE JUDGMENT OF THE SUPREME COURT OF KOREA

**Of Counsel and On the Brief:**  Walter A. Lesnevich, Esq.

# TABLE OF CONTENTS

                                                        Page

Preliminary Statement.    .    .    .    .    .    1

Legal Argument    .    .    .    .    .    .    .    2

     Point I        AS A MATTER OF COMITY THE
                       JUDGMENT OF THE KOREAN
                       COURT MUST BE ENFORCED.    .    2

     Point II       THE FACTS AND ISSUES IN
                       THE TWO CASES WERE THE
                       SAME.    .    .    .    .    .    5

Conclusion.    .    .    .    .    .    .    .    .    7

i

# PRELIMINARY STATEMENT

This brief is to reply to the "Defendant's Brief in Opposition to Plaintiff's Motion to Enforce Foreign Judgment of Korea".  While the individual claims and arguments made by the defendant will be addressed herein, it is important at the onset to note the arguments that defendant does not make.

The defendant does not claim that there was no judgment in Korea. He admits, therefore, the judgment and the accuracy of the transcripts and translations presented to the Court with the motion.

The defendant does not deny that the Treaty cited in plaintiff's motion controls, but rather argues that it should not be applied for various reasons. The fact of the existence of the Treaty is therefore conceded.

Defendant's arguments are, basically, that he wants the opportunity to re-litigate in the United States what has already been decided in Korea for the simple reason being that he lost totally in Korea.  The Judge in Korea simply found that Yale Kim was lying.

## LEGAL ARGUMENT

## POINT I

## AS A MATTER OF COMITY THE JUDGMENT OF THE KOREAN COURT MUST BE ENFORCED

The cases cited in Defendant's brief are correct and define the matter of comity. The requirements that the judgment be rendered under a system which recognizes due process of law and that the defendant not be required to appear at a seriously inconvenient forum are correct. The fact that this was not a "seriously inconvenient forum" is obvious. OGK America and Yale Kim not only appeared, but counterclaimed and fought the entire lawsuit in Korea. Yale Kim has a residence and property in Korea. He was there and participated in the trial with no difficulty.

To say that the Korean system violates the due process of law is pure nonsense and is insulting to the Republic of Korea. The only difference in a Korean case and the United States is that in the United States there is a jury and in Korea there is a Judge. There is no absolute United States jury right for a commercial case of this nature. The Korean case was argued before a Judge and the Judge rendered a decision. It is interesting to note that Yale Kim filed a counterclaim. By that action he submitted himself to the

2

jurisdiction of the Korean Court and stated that if the Korean Judge had ruled in his favor on the counterclaim, he would have agreed with the Korean Court.

The arguments made by Yale Kim are simply those of a loser.  Had he won, he would have filed exactly the same motion as Plaintiff filed.

The argument that Kim did not have advance notice of the lawsuit and provisional attachment is also nonsense.  He had no advance notice of the lawsuit until it was filed, but once it was filed he had notice.  How can any defendant have advance notice of a lawsuit until a lawsuit is filed?  He had notice once he was served with the papers.  He appeared and filed a counterclaim.  What he did not have notice of was the Provisional Attachment, which is permitted in Korea.  Certain of his property was blocked so it could not be transferred out of the Republic of Korea, but that is not the lawsuit.  That is an attachment provision to prevent the foreign transfer of assets.  Kim had the notice any defendant has of a lawsuit when it was served upon him.

To say that the Korean judgment was obtained by fraud, Kim has to explain what he was doing filing a counterclaim and pursuing a lawsuit in a Court that he deemed fraudulent!  Kim voluntarily proceeded in the Korean lawsuit.  He did not file opposition to its jurisdiction.  He did not refuse to be

bound.  He actually filed a counterclaim. By doing so, he submitted himself to the jurisdiction of the Korean Court and agreed to be bound by the decision of the Korean Judge.

There was no agreement that the dispute in the United States would be decided by the United States District Court.  There was nothing in writing saying that Plaintiff agreed that the resolution of the matter in the United States would be controlling.  All that was said was that the counsel would report to the Korean Court the status of the Summary Judgment Motion, and that was done.  An agreement to be formally bound by a court would and should and must be in writing, formally subscribed to and attested and would be a document attached to Defendant's brief.  Noticeably and obviously there is no such document presented to the Court by the Defendant.  The Defendant has just made this issue up out of desperation.   There was no such agreement as evidenced by the fact that none is presented.

**POINT II**

## THE FACTS AND ISSUES IN THE TWO
## CASES WERE THE SAME

Plaintiff, OTOS Tech, submitted with its motion numerous pages of material submitted to the Judge in Korea by both sides.  A review of these translated documents demonstrates the exact same issues are being litigated. Defendant serves no documents to show anything different.  The transcripts demonstrate that these were the same case.

Most outrageously Kim states "It is clear that Plaintiff pursued the litigation in Korea as a backup plan in case the Plaintiff does not prevail in the United States litigation".  It is nice that is so clear to Kim now, but perhaps it was clear to Kim when he filed his counterclaim.  Kim ignores his own actions of participating in the trial in Korea and filing his own claims and speaks only of Plaintiff's actions.  The comment in the brief that a local Korean Court might look more favorably upon a Korean company is insulting, unprofessional, and totally unsubstantiated.  How easy it is to cast an aspersion on a foreign court without the slightest bit of backup, proof or even knowledge.  Pursuant to the Treaty, Korea is to be, must be, looked upon the same as a sister state.  Would Kim's attorney as blindly cast an aspersion on a New York State Court or an Alabama Court?  The slander of

5

the Korean Courts is uncalled for, improper, and outrageous.  Not a scintilla of evidence is presented.  Not even an argument is presented.  The slander is just thrown in without thought.

## <u>CONCLUSION</u>

This case was decided by a Court in Korea and pursuant to Treaty that judgment must be honored.

<u>s/   Walter Lesnevich (WL 3227)</u>
Lesnevich & Marzano-Lesnevich
Court Plaza South
21 Main Street
Hackensack, NJ  07601
(201) 488-1161
FAX: (201) 488-1162
wal@lesnevichlaw.com

Dated:         April 13, 2006

7