**CONNELL FOLEY LLP**
**85 Livingston Avenue**
**Roseland, New Jersey 07068**
**(973) 535-0500**
**Attorneys for Defendants,**
**OGK America, Inc. and Yale Kim a/k/a Youngil Kim**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTOS TECH CO., LTD., | Civil Action No.: 03-1979 (WHW) |
| Plaintiff, | |
| v. | CERTIFICATION IN FURTHER SUPPORT OF MOTION FOR TURNOVER OF FUNDS |
| OGK AMERICA, INC. & YALE KIM A/K/A YOUNGIL KIM, | |
| Defendants. | |

I, **Youngil Kim** (Yale Kim), of full age, being duly sworn according to law, upon my oath, certifies and says:

1.      I am the President of OGK America, Inc.  As such, I am fully familiar with the facts and circumstances contained herein.

2.      I submit this Certification in further support of defendants, OGK America, Inc. and Yale Kim (collectively "OGK") Motion for Turnover of Funds.

3.      Through this certification I wish to explain the facts necessitating the instant Motion as well as the payments that I have made to the Ansan Regional Court (Suwon District) in Korea (the "Korean Regional Court") in full satisfaction of a judgment awarded to Otos in that court (hereinafter the "Korean Judgment").

4.      Otos filed an action in the Korean Regional Court (the "Korean Action") after it had initiated litigation in this Court on May 1, 2003 (the "United States Action").

5.      Both the Korean Action and the United States Action sought damages representing the exact same checks issued by Miller-Hobart.

6.      As a result of these parallel proceedings, I was required to retain counsel in Korea in addition to counsel I had retained to litigate the United States Action.

7.      Pending the resolution of the Korean Action, on December 9, 2004 Otos filed an action for the provisional seizure of my assets, including an apartment located in Ansan, Korea that I owned, shares of my stock in AW&S Co., Ltd. and a commission in the amount of US$553,200 owed to me by Korea OGK Co., Ltd.

8.      Otos was ultimately awarded judgment in the Korean Action on December 16, 2005.

9.      The initial judgment amount awarded to Otos by the Korean Regional Court was SK$607,156,665[1].  That amount was later reduced to SK$544,920,318 by the Seoul High Court and that judgment amount was affirmed by the Supreme Court of Korea on December 24, 2008.

10.     The Korean Judgment award to Otos of SK$544,920,318 is the equivalent to approximately US$587,135.

11.     The Korean Judgment also awarded Otos post-judgment interest of 5% per annum from April 1, 2005 through February 6, 2007 and post-judgment interest of 20% per annum from February 7, 2007 until the South Korean judgment was ultimately fully satisfied. Attached hereto as <u>Exhibit A</u> is a true and correct copy of a certified translation of the Korean Judgment.

---

[1]  Hereinafter "SK$" refers to South Korean Won.

12.     My counsel in Korea filed an appeal from the Korean Judgment to Seoul High Court and later to the Supreme Court of Korea.  The initial judgment to Otos of SK$607,156,665 was reduced to SK$544,920,318 and eventually became a final judgment was it was affirmed by the Supreme Court of Korea on December 24, 2008.

13.     On August 11, 2006 Otos was awarded a second judgment in the amount of $587,775 after a jury verdict in the United States Action; that judgment also awarded OGK $910,000.00 for its claim of breach of the covenant of good faith and fair dealing against Otos (the "United States Judgment").

14.     After the United States Judgment was entered by this Court, Otos then caused me to endure protracted litigation in the United States by first filing a motion for a new trial and then, when this Court denied that motion, appealing this Court's decision to the United States Court for the Third Circuit Court of Appeals.

15.     At the same time, to collect on the Korean Judgment, Otos filed applications with the Korean Regional Court for the continued seizure of my assets even though the Korean Judgment was under appeal.

16.     While the Korean Judgment was under appeal, on November 24, 2006 Otos received SK$53,474,992 from the Korean Regional Court through the forced sale of my apartment in Ansan, Korea.  Attached hereto as <u>Exhibit B</u> is a true and correct copy of  a certified translation and the original November 24, 2006 Allocation Table issued by the Korean Regional Court demonstrating that Otos was paid SK$53,474,992 out of the funds from the forced sale of my apartment on that date on that date.

17.     I previously owned 66,000 shares out 106,000 existing shares in AW&S Co., Ltd., representing a majority stake in that company.   However, as a result of Otos'

application for a provisional seizure in Korea, on October 29, 2008 I was forced to sell 50,000 shares of that stock and deposit SK$261,000,000 with the Korean Court on that date.  Attached hereto as <u>Exhibit C</u> is a true and correct copy of  a certified translation and the original October 29, 2008 Receipt issued by the Korean Regional Court demonstrating that I sold 50,000 shares of my stock and deposited SK$261,000,000 with the court on that date.

18.     Initially, when I sold the 50,000 shares of my stock and deposited SK$261,000,000 with the Korean Regional Court on October 29, 2008, I believed that the deposit had the effect of payment to Otos on that date.

19.     Shortly thereafter, I received an Order from the Korean Regional Court, dated on November 17, 2008, seizing another 16,000 shares of my company stock.

20.     As mentioned above, Otos had also applied to seize a commission in the amount of US$553,200 owed to me by Korea OGK Co., Ltd.

21.     Therefore, on November 18, 2008, to stop accrual of 20% post-judgment interest on the balance of the Korean Judgment and prevent the continued seizure of my assets, I tried to pay Otos an additional SK$471,488,207.00.  However, Otos refused to accept this payment.

22.     Because Otos would not accept the payment of SK$471,488,207.00 I deposited this amount with the Korean Regional Court on November 18, 2008 rather than paying Otos directly.  Attached hereto as <u>Exhibit D</u> is a true and correct copy of  a certified translation and the original November 18, 2008 Receipt issued by the Korean Regional Court demonstrating that I deposited SK$471,488,207.00 with the court on that date.

23.     I understand that, according to Korean law, payment to the court is equivalent to the direct payment to Otos.

24.     When calculating SK$471,488,207.00 as the balance owed on the Korean Judgment and interest thereon, interest was calculated by assuming that Otos was paid SK$261,000,000 on October 29, 2008.

25.     Therefore, when I paid SK$471,488,207.00 on November 18, 2008 I understood that this amount represented the balance of the Korean Judgment and interest accrued thereon.

26.     However, I subsequently learned that when I was forced to sell 50,000 shares of my company stock and deposit SK$261,000,000 with the Korean Regional Court on October 29, 2008 Otos was not immediately paid.  I understand that Otos was not immediately paid because the Korean Regional Court was required to notice the public prior to paying Otos funds out of the sale of the company stock to determine if any prior creditors existed that should be paid before Otos.

27.     I later received a Notice from the Korean Regional Court dated December 1, 2008 that indicated that Otos would be paid funds from the seizure and forced sale of the 50,000 shares of company stock on February 2, 2009.

28.     Because Otos was not paid SK$261,000,000 from forced sale of the 50,000 shares of the company stock on October 29, 2008, 20% interest continued to accrue on the Korean Judgment.  Otos also applied for the continued seizure of my other assets.

29.     Therefore, to prevent the continued seizure of my assets, on January 12, 2009 I deposited SK$10,000,000 with the Korean Regional Court.  Attached hereto as

Exhibit E is a true and correct copy of a certified translation and the original on January 12, 2009 Receipt issued by the Korean Regional Court demonstrating that I deposited SK$10,000,000 with the court on that date.

30.     After the Korean Court had determined that no prior creditors existed and after an execution fee had been subtracted, on February 2, 2009 Otos was paid SK$257,657,946 from the funds resulting from the forced sale of my company stock. Attached hereto as Exhibit F is a true and correct copy of  a certified translation and the original February 2, 2009 Allocation Table issued by the Korean Regional Court demonstrating that SK$257,657,946 was allocated to Otos on February 2, 2009 out of the funds from the forced sale of my company stock on October 29, 2008.

31.     As a result of Otos' application for the continued seizure of my assets, on February 16, 2009 the Korean Regional Court issued an Order finding that it was not necessary to continue to seize my assets because Otos had been fully paid for the Korean Judgment.   Attached hereto as Exhibit G is a true and correct copy of a certified translation and the original February 16, 2009 Order issued by the Korean Regional Court.

32.     However, because additional interest accrued between the time that I had deposited funds from the sale of the company stock on October 29, 2008 and February 2, 2009 when the Korean Regional Court finally paid Otos its share of those funds, on February 19, 2009 I tried to pay Otos SK$14,997,989, representing the balance of accrued interest on the Korean Judgment.

33.     However, Otos refused to accept the SK$14,997,989 payment and, therefore, I deposited this amount with the Korean Regional Court instead.   Attached

hereto as <u>Exhibit H</u> is a true and correct copy of  a certified translation and the original February 19, 2009 Allocation Table issued by the Korean Regional Court demonstrating that SK$14,997,989 was allocated to Otos on February 19, 2009 from my cash deposit on that date.

34.     I have now fully satisfied the Korean Judgment by paying a total of SK$797,619,134 or approximately US$860,319.19 to Otos.   This amount includes approximately US$272,563.22 in interest on Otos' Korean Judgment in the amount of US$587,135.


I certify under penalty of perjury that the foregoing is true and correct.


_____
YOUNGIL KIM

Dated: March 3, 2009

**EXHIBIT A**

# A & A TRANSLATION

## -Approved by the NJ State Courts
## Member of ATA, NAJIT

*546 Valley Rd.*
*Upper Montclair*
*New Jersey, USA 07043*

*Phone (973) 783-4938 / 744-3004*
*Fax (973) 744-2521*

**This is to certify that the attached document is accurately and truthfully translated from KOREAN into ENGLISH, thereof to the best of my knowledge, ability and belief, based upon the original document.**

DATE: *February 14,* 2006
SIGNATURE: *O Ok soo*
NAME:     Ok-Soon Dang
                    Director of A & A T

Sworn to and Subscribed to
Before Me this *14th* day
of *February,* 2006.

*Joseph A. Fortunato*
Attorney at Law

Joseph A. Fortunato
Attorney At Law
546 Valley Rd.
Montclair, NJ 07043

# THIS IS AN ORIGINAL COPY.

THE SUPREME COURT OF KOREA

2005.

## AHNSAN BRANCH, THE SOOWON DISTRICT COURT

DEPUTY COURT CLERK, JONG KI HONG

CIVIL LAW SUIT REGULATION, ARTICLE NO. 162, PARAGRAPH (3)

* If you do not agree with this judgment, you must submit an appeal to Ahnsan Branch of the Soowon District Court within 2 weeks of the date of service of the original copy of this judgment.

## AHNSAN BRANCH, THE SOOWON DISTRICT COURT

### CIVIL DIVISION, PART 1

### JUDGMENT

CASE     2005 GA HAB999 (CLAIM) RETURN OF UNJUST ENRICHMENT

            2005 GA HAB1664 (COUNTER CLAIM) RESTITUTION AWARD

PLAINTIFF (DEFENDANT ON THE COUNTER CLAIM) OTOS TECH CO., LTD.

        GEUMCHUN-GU, GASAN-DONG 234-12, SEOUL

        REPRESENTATIVE DIRECTOR    MOON YOUNG HUH

        REPRESENTING ATTORNEY    SEUNG RYONG KANG

DEFENDANT (PLAINTIFF ON THE COUNTER CLAIM)    YOUNG IL KIM

        OGK AMERICA INC. 111 CHARLOTTE PLACE #303, ENGLEWOOD CLIFFS,

        NJ 07632, USA

        SERVICE LOCATION. DANWON-GU, GOZAN-DONG 670, JOOGONG APT

        706-DONG 207-HO, AHNSAN-SI (37-TONG 3-BAN)

        REPRESENTING ATTORNEY KWAN WOO PARK

CLOSING ARGUMENT    12/2/2005

SENTENCING    12/16/2005

/(Seal)/

" FILE

No.

12/30/2005

K E.Y.

LAW OFFICE

## ORDER

1.  As to 607,156,665.00 won, the Defendant (the Plaintiff on the counter claim) shall pay at the rate of annual interest rate of 5% from 4/1/2005 to 12/16/2005, then annual interest 20% from the following day until it is paid off in full.

2.  Each of the remaining claim by the Plaintiff (the Defendant on the counter claim) and the counter claim by the Defendant (the Plaintiff on the counter claim) shall be dismissed.

3.  The Plaintiff (the Defendant on the counter claim) shall be responsible for 1/10 of the lawsuit costs, and the Defendant (the Plaintiff on the counter claim) shall be responsible for the remaining.

4.  The Paragraph No. 1 may be provisionally executed.

## PURPOSE OF CLAIM

CLAIM:   The Defendant (the Plaintiff on the counter claim, hereinafter 'Defendant') shall pay the Plaintiff (the Defendant on the counter claim, hereinafter, 'Plaintiff') 697,340,655.00 won from the following date of the service date until the last date of pay off at the annual interest rate of 20%.

COUNTER CLAIM:   The Plaintiff shall pay the Defendant 512,245.00 USD at the annual interest rate of 5% from 2/6/2003 to 4/14/2005, and 20% from the following date to the date of pay off.

## CAUSE

### 1. BASIC FACTS

Each of the following facts may be stipulated when there is no difference between each party, or with addition of the [illegible] of the argument to each statement

- 2 -

on 1 of evidence No. 2, EXBHIT. A, 1 of evidence No. 3 EXBHIT. A, 2 of evidence No. 3

EXBHIT. A (identical with evidence No. 3 EXBHIT. B), 3 of evidence No. 6 EXBHIT. A

(identical with 1 & 2 of evidence No. 27 EXBHIT. B), evidence No. 11~14 EXBHIT. A

(including each of [illegible] no.), evidence No. 20 EXBHIT. A, evidence No. 21 EXBHIT.

A, 1 & 2 of evidence No.1 EXBHIT. B, 1 & 2 of evidence No. 2 EXBHIT. B, 1 & 2 of

evidence No. 5 EXBHIT. B, 1 & 2 of evidence No. 8 EXBHIT. B, evidence No. 9 EXBHIT

B, 1 & 2 of evidence No. 10 EXBHIT. B, evidence No. 14 EXBHIT. B, each statement of

1~4 of evidence No. 26 EXBHIT. B, testimony of witness Hae Myung Lee, part of my

(defendant's) interrogatory outcome.

A.   The Plaintiff is a Korean corporation, which manufactures industrial products, such

as welding masks, and the Defendant is a representative director of a New York

corporation, OGK, America, Inc. (hereinafter, 'OGK').

B.   In and around November, 1998, the Plaintiff made an oral agreement to recognize

the Defendant, a representative director of the said corporation and OGK as exclusive

agent in the US for the Plaintiff. Accordingly, OGK sold welding masks manufactured by

the Plaintiff in the US from 1999 to 12/31/2002, in exchange for 4% of the commission

of the gross sales amount in 1999, 2000 and 2001 and 3% in 2002.

C.   Miller Electric Manufacturing Company (hereinafter, 'Miller') and Hobart Retail

Sales are companies in the US that purchased the welding masks from the Plaintiff.

When Miller and Hobart made purchase orders to OGK, OGK delivered the said

purchase orders to the Plaintiff, who then shipped welding masks directly to the Miller

and Hobart along with a commercial L/C. Then Hobart of Miller issued a check payable

to OGK for the direct payment, which was delivered to the Plaintiff with an endorsement

by OGK. After the Plaintiff received the payment, the Plaintiff paid the commission to

'Based upon the contents of the email dated 2/5/2003, I understand that you wish

to dissolve our future relationship, and I wish to dissolve it as follows:

    1.   Upon the custom of International Commerce Regulations and trading

transaction, I believe that my right to profits has been infringed in an inappropriate way

and I have a right to claim for the expected profit of at least 5 years, according to

custom. However, I would like to resolve the transaction at just 3 years' claim, since I

do not wish to prolong it further.'

    2.   I understand that you have agreed to it, and I'll deduct the said amount from

the existing uncollected payment.'

H.   Subsequently, on 2/6/2003 the Plaintiff sent Miller and Hobart the following email:

'Concerning the agency relation with Young II Kim, we have decided not to

continue it any longer by mutual consent. Therefore, we wish you to contact us directly

for business matters if it's possible. Furthermore, please note that we wish to receive

payment directly from your company, made payable to OTOS TECH CO., LTD., instead

of to OGK.'

('Regarding agency connection with Yale Kim, we no more business to agency

connection with Yale Kim by mutual agreement. So, if you possible, we would like to

communication to business with us directly for the present.

(otos@otos.co.kr & Kevin@otos.co.kr)   Also we would like to receive to your

payment(check) as Receiver : OTOS Tech Co., Ltd. instead of OGK America

INC.')

I.   The Defendant sent Miller and Hobart an email as follows after he received the

email that was written by the Plaintiff on 2/6/2003 from Miller and Hobart on the same date.

'As your company received an email from Kevin (referring to Deputy Manager Hae Myung Lee, a staff member of the Plaintiff) of OTOS TECH CO., LTD. I do not wish to represent OTOS TECH CO., LTD. any longer. While Mr. Moon Young Huh (Representative Director of the Plaintiff) and I have been a conflict of opinion over certain matters for the last month, we decided not to work together in the future. However, Mr. Moon Young Huh first notified your company even before he reached a clear agreement with me in certain respects. For this reason, your company forwarded all purchase orders to OGK. Therefore, concerning the uncollected payment, I would like to request you to send checks to our company until I will otherwise notify you. Please be advised that all current POs will be performed by OTOS Tech Co. and you may issue new POs to OTOS Tech Co. directly from now on.'

(As you received e-mail from Kevin, I don't want to represent OTOS any more. However, I will be representing OGK same as before. Moon Huh and myself have been in conflict in some matters during the last month and we decided not to work together in the future. However, he didn't make some matters clear and noticed to you before our clear agreement in this regard, I am asking you to send all payment checks to OGK America Inc as you issued POs to OGK America, Inc. until the time I will notice you. All current Pos will be performed by OTOS and you may issue new POs to OTOS Tech from now on.')

J. In response to the above e-mail of paragraph I, Miller and Hobart replied on February 11th, 2003, stating that they would pay the Plaintiff directly for any further procurement, but the checks for the products already

- 6 -

procured will be issued to OGK.

K. The Defendant did not endorse and remit the checks issued by Miller and Hobart to OGK as payments for Plaintiff's welding masks, but instead cashed all of them by March 21st, 2003 and refused to return them. The scope of checks is as follows, totaling USD 587,135.35(= 235,496 Dollars + 10,019 Dollars + 4,839.5 Dollars + 11,583.3 Dollars + 213,432.8 Dollars + 18,800 Dollars + 51,600 Dollars + 15,400 Dollars + 25,964.75 Dollars).

(1) Checks issued by Miller:   Check of USD 235,496.00 issued on 12/19/2002 (Check No. 142195), Check of USD 10,019.00 issued on 12/5/2002 (Check No. 141936), Check of USD 4,839.30 issued on 12/16/2002 (Check No. 142418), Check of USD 11,583.30 issued on 2/13/2003 (Check No. 142758),

(2) Checks issued by Hobart:   Check of USD 213,432.80 issued on 1/17/2003 (Check No. 10672), Check of USD 18,800.00 issued on 2/20/2003 (Check No. 10798), Check of USD 51,600.00 issued on 2/20/2003 (Check No. 10799), Check of USD 15,400.00 issued on 2/20/2003 (Check No. 10797), Check of USD 25,964.75 issued on 2/27/2003 (Check No. 10818).

L. The Plaintiff demanded that the Defendant return the export payments as listed in paragraph K. on February 27th, 2003, but the Defendant replied to the Plaintiff that an agreement was made between the Plaintiff and the Defendant to end their agency relationship by deducting 3-year's worth of expected profits from said uncollected payment, and claimed that he already received the expected profits from the above export payment and could not comply with the Plaintiff's demand on March 3rd, 2003. The Plaintiff sent e-mails demanding the return of export payments on March 11th, 18th, and 26th 2003.

M.   The Plaintiff filed the lawsuit, case no. 03-1979 at the United State District

- 7 -

Court/District of New Jersey against the Defendant and OGK, demanding the payment of 587,755.05 Dollars as well as a punitive damage in relation to the above lawsuit claiming embezzlement, payment demand for product sales, breach of contract as well as improper conversion. In response, the Defendant and OGK filed an answer, a counter claim, and a 3rd party claim citing breach of contract, breach of the agreement dated February 5th, 2003, a compensation demand for the provided labor, and violation of the principle of a mutual trust.

## 2. The Decision on the Defendant's Answer

### A. The Defendant's Argument

The Defendant argues that this lawsuit constitutes a duplicate lawsuit and is therefore improper, since the Plaintiff already filed a lawsuit with identical claims against the Defendant in the US Federal Court in New Jersey currently proceeding, and the ruling of this US Federal Court case would surely be followed in accordance with the Article 217 of the Korean Civil Proceeding Law.

### B. Decision

Article 259 of the Korean Civil Proceeding Law does not include foreign courts, so there are no legal grounds for restricting international duplicate lawsuits.

Furthermore, the reason duplicate lawsuits are prohibited within Korea is that the ruling of one court on one case is uniformly enforced everywhere in Korea once finalized; therefore filing duplicate lawsuits on cases already in progress or on identical facts is uneconomical and has no merit to the parties involved or to the court, and different rulings could conflict with each other in their enforcement. However, the issue of accepting rulings made by foreign courts follows the specific procedure for accepting their effectiveness in other countries in cases of

- 8 -

international duplicate lawsuits, but acceptance procedures are different between each country and the rulings of foreign courts are not necessarily uniformly accepted; therefore, there are no actual grounds for prohibiting international duplicate lawsuits.

In addition, it is difficult to judge whether the subject of claim in a domestic lawsuit filed in a domestic court is identical with the subject of claim currently pending in a foreign court, and it is difficult to predict whether the outcome of a foreign trial would meet the specific requirements of Article 217 of the Civil Proceeding Law, and is especially impossible to judge in advance their compliance with Clause No. 3, that is if acknowledging the decision of a foreign court is in line with the custom and social order of the Republic Of Korea, so it is improper to restrict the lawsuit filed at a domestic court citing the possibility of approval of a foreign court decision.

Therefore, this court does not find that the lawsuit filed at a domestic court for a case already in proceeding in a foreign court constitute a duplicate lawsuit and can be prohibited, therefore there is no reason to examine the Defendant's argument that this lawsuit filed at this court by the Plaintiff constitutes a duplicate lawsuit, is therefore improper, and must be dismissed.

**3.   The Decision On The Case**

   **A.   Arguments of Each Party and Points in Contention.**

   **(1) The Plaintiff's Argument**

   (A) The Defendant did not remit to the Plaintiff but embezzled the checks (Totaling USD 587,135.35) received from Miller and Hobart as export payments, which constitutes an unjust enrichment.

   (B) Subsequently, the Defendant cashed all the checks, which he was no longer able to return the Plaintiff the above-mentioned checks; therefore the Defendant shall repay to the

Plaintiff a sum equivalent to the total amount of said checks, USD 587,135.35.

(C) Hence, the Plaintiff demands a reimbursement of 697,340,655.00 Won (Korean Won) calculated by applying an exchange rate of February 27th, 2003 (1,187.70 Won to 1 Dollar) against the Defendant's unjust enrichment of USD 587,135.35, as well as a delayed reimbursement cost compensation calculated at 20% per year from the following date of April 1st, 2005, the date of service of the complaint, until the pay off date of all outstanding payment.

**(2) The Defendant's Argument**

(A) Even though the Defendant played an active role as the exclusive US-marketing agent of the Plaintiff, the Plaintiff demanded that the Defendant to lower the commission rate to 2.5% in December, 2002. When the Defendant, accordingly, proposed on January 28th, 2003 to agree to the lowering of the commission rate to 2.5% in exchange for Plaintiff's signing of a 5-year agency contract, whose term started in 2003, the Plaintiff notified the Defendant not to get involved in handling of Miller and Hobart business, as well as notifying that the Plaintiff would directly handle said duties to severe their current relationship on February 5th, 2003. Accordingly, the Defendant agreed to Plaintiff's demand of the agency contract dissolution on the same day, and informed the Plaintiff of the Defendant's intention to deduct 3-year's expected profits from the export payment yet to be remitted to the Plaintiff as a compensation for this improper dissolution of contract without proper compensation for the marketing know-how obtained through the Defendant's efforts made so far and a justifiable cause on the same day. Therefore, the following day, the Plaintiff informed Miller and Hobart of their decision not to continue an agency relationship with Young Il Kim upon mutual consent.

(B) As above, the Plaintiff did not wish to maintain the agency contract with the Defendant without a justifiable reason, and implicitly agreed to the Defendant's fair compensation proposal,

- 10 -

and informed Miller and Hobart of the dissolution of their relationship upon mutual consent. Therefore, the Defendant argues that there was a stipulation to end the exclusive agency relationship between the Plaintiff and the Defendant, and to allow the Defendant to deduct the 3-year's expected profits from the export payment checks to be remitted from the Defendant to the Plaintiff. Since the minimum projected sales of Plaintiff were $11 million in 2003, $14 million in 2004, and $16 million in 2005, the sum of this three year's sales is $41 million USD ($11 million + $14 million + $16 million), and the calculated commission at 3% rate is $1,230,000.00 USD (=$41,000,000.00 x 3%).

(C) The Defendant argues that the Defendant did not remit the checks received as export payments amounting to USD 587,755.00 {Although the export payment to be collected from Miller and Hobart was USD 587,755.00, $619.70 was deducted by Hobart due to product defects, so the actual amount on the checks that the Defendant collected as export payment was USD 587,135.34(= $587,755.00 – $619.70) received as export payment. However, the Defendant mistakenly claimed the amount of received checks were USD 587,755} to the Plaintiff and collected it in accordance with the above arrangements, which does not constitute a collection without a legally justifiable cause, and demands payment of the remaining outstanding sum of $512,245.00 (= $1,100,000.00 – $587,755.00) plus the cost of delay compensation as calculated at 5% annually from February 6th 2003 to the date of the counter claim mailing (April 14th, 2005), and 20% annually thereafter until the date of paid in full.

(3) Point of Contention

The point of contention in this case is whether an arrangement in which the Defendant

deduct 3-year's expected profits from the export payment checks to be remitted to the Plaintiff after the dissolution of an exclusive agency relationship was established between the Plaintiff and the Defendant.

B. The Decision

(1) On February 5, 2003, the Plaintiff sent the Defendant a fax stating that 'I wish you (Managing Director Kim) not to get involved in the business until the agency relationship is resolved at the following meeting. Concerning the commission contract, we have no desire to sign for now. We will handle the business with Miller and Hobart directly for now, but we have not informed Miller of the above fact yet. We believe it would be good for the Defendant to inform Miller and Hobart directly.' Furthermore, the Defendant sent a fax dated February 5th, 2003 in response to the above fax stating that 'I understand that you desire to end our relation judging by the e-mail dated February 5th, 2003, and I end our future relationship as follows.

1. In accordance with international commerce regulations or trade custom, I have been deprived of economic gains that I deserve by improper means, so I have the right to demand 5-year's expected profit in accordance with customaries, but I will end this relationship by collecting only 3-year's worth because I do not wish to prolong this dispute any longer.

2. I understand you agree to this, and I will deduct the above-mentioned amount from the existing uncollected payments.' Subsequently, the Plaintiff sent an e-mail to Miller and Hobart stating that 'Concerning the agency relationship with Yong Il Kim, I would like to inform you that we decided not to continue our relationship by mutual consent. Therefore, we wish to communicate with you directly concerning business matters.' on February 6th, 2003. The fact that Miller and Hobart relayed this message to the Defendant on the same date, and the fact that the Plaintiff demanded the return of export payment checks to the Defendant on the 27th, 22 days after receiving the Defendant's e-mail dated February 5th, 2003, are as previously stipulated.

(2) As we consider on the content and form of the e-mails exchanged between the Plaintiff and the Defendant, we cannot accept the Defendant's argument that the Plaintiff's notification of the agency relationship dissolution to Miller and Hobart cannot be constituted as the Plaintiff's expression of his intention directed at the Defendant, even if those messages were relayed to the Defendant. We also cannot accept that the Plaintiff implicitly agreed to the Defendant's demands of compensation for 3-year's expected profits just because the Plaintiff did not immediately express his disagreement on the above mentioned fax dated February 5th, 2003 and delayed the demand to return the export payment until the 27th of the same month, nor is there any other evidence that establishes the fact that the Plaintiff and the Defendant made an agreement to end their agency relationship, to let the Defendant receive a 3-year's worth of expected profits from the Plaintiff, and to deduct this sum from the export payment that Defendant was supposed to remit to the Plaintiff.

(3) The Plaintiff rather sent the Defendant an e-mail proposing to lower the commission rate to 2.5% on January 6th, 2003, and an agreement to lower the commission rate to 2.5% was established by the Defendant who sent an e-mail response stating that the Defendant agreed to the lowering of the commission rate the following day, January 7, 2003. On February 3rd, 2003, the Defendant requested the Plaintiff via e-mail to send a signed contract with an attached commission contract stating that the commission rate was to be set at 2.5%, the term of contract to be effective from January 1st, 2003 to December 31st, 2007, and the contract be automatically reviewed for another 3 years when either party does not notify the termination of contract in writing and make an agreement before September 31st, 2007. We stipulate the following facts to be true; in response to the above-mentioned e-mail, the Plaintiff sent an e-mail rejecting this demand on February 4th, 2003; and that the Plaintiff sent an e-mail demanding the Defendant to temporarily suspend his agency duty

on February 5th, 2003; the fact the Plaintiff desired to receive the payments directly by changing the recipient of the shipping payment from OGK to the Plaintiff in the Plaintiff's e-mail sent to Miller and Hobart to notify the news of the agency relationship's termination between the Plaintiff and Defendant on February 6th, 2003; the fact that the Defendant told Miller and Hobart via e-mail that, 'As stated in the e-mail that your company received from Kevin of OTOS Tech Co., I do not wish to represent OTOS Tech Co. any longer. Mr. Moon Young Huh and I had our differences over several issues for the past month, and decided not to work together. However, he notified you first before we made a clear agreement on a few things. For this reason, I would like to request that you send all payment checks to OGK America Inc. until my further notice is sent out, as you issued POs to OGK America Inc. all outstanding POs will be handled by OGK, but you can issue any new PO to OTOS Tech Co. from now on'; the fact that Miller replied that the further purchases would be paid to the Plaintiff directly, but would issue the payment checks to OGK for the already purchased products in its e-mail dated February 11th, 2003 in response to the Plaintiff's e-mail dated February 6th, 2003; and the fact that Plaintiff sent e-mails demanding the return of the above export payment on March 11th, 18th, and 26th, 2003, are as previously stipulated.

Based on the above stipulated facts, ① it is clear that the Plaintiff did not demand that the Defendant halt his agency duties when the Plaintiff unilaterally demanded the lowering of the commission rate to 2.5% and the Defendant proposed to the Plaintiff in his reply that he would agree to this new commission rate of 2.5% in exchange for a signed contract with a contract period of 5 years, but demanded the Defendant to halt his agency duties AFTER the adjustment of the commission rate to 2.5% was agreed upon by the Plaintiff and the Defendant on January 7th, 2003, and then the Defendant subsequently demanded that the Plaintiff guarantee the contract for a period of 5 years, on February 3rd, 2003. Rejecting this Defendant's demand, the Plaintiff demanded that the Defendant stop performing his agency duties. Referring to the fact

- 14 -

that the Defendant demanded that the Plaintiff guarantee the agency contract period for 5 years, there never was an agreement to guarantee the Defendant's agency status nor there was any specified contract period, implying that the contract would be over when one of the two parties no longer wished to be engaged in it; the fact that the Plaintiff demanded the Defendant to temporarily halt his agency duties shows that the Plaintiff stopped the execution of agency duties until an agreement was made because the discussion between the Plaintiff and the Defendant concerning the commission rate and the contract duration wasn't going smoothly, so it cannot be said that the Plaintiff improperly terminated the contract; ② In the e-mail that the Defendant sent to Miller and Hobart, it is claimed that the Defendant's notification that he wished to have the shipping payment recipient to be changed from himself to the Plaintiff was contradictory to the Defendant's demand of deducting 3-year's worth of expected profits an agreed compensation from uncollected payments, we can infer that the Plaintiff did not agree to the above-mentioned demand by the Defendant. The Defendant also informed Miller and Hobart of not continuing their agency relationship, but stated that the Plaintiff informed them of this decision without making a clear agreement on certain outstanding issues. Based upon these e-mail communications, we can conclude that the Defendant was also aware of the fact that he and the Plaintiff agreed upon the principle of contract dissolution, but without an agreement on issues of Defendant receiving 3-year's expected profit from the Plaintiff after the dissolution of the agency contract.

③ We also can infer that the Plaintiff could not possibly foresee that the Defendant would withhold the product payment checks without remitting them to the Plaintiff after a unilateral notification from the Defendant, when there was no agreement between the Plaintiff and the Defendant on the issue of the Defendant being compensated for 3-year's expected profits, even if the Defendant notified the Plaintiff that he wished to be compensated for 3-year's worth of expected profits and would deduct this sum from uncollected payments on February 5th, 2003, and the Plaintiff was informed by Miller and Hobart that the payment checks for the already

purchased products would be issued to OGK after notifying Miller and Hobart of the fact that the agency relationship between the Plaintiff and the Defendant was dissolved by mutual agreement, and demanded to pay the Plaintiff directly. Therefore, we cannot accept that there was an agreement just because the Plaintiff demanded the return of export payments some time later, on February 27th, 2003 under these circumstances. Furthermore, the Plaintiff already expressed his disagreement to deducting 3-year's worth of expected profit from the above export payment by demanding that Miller send the product payment to the Plaintiff directly in an e-mail dated February 6th, 2005, and the Defendant was already aware of this by receiving the relayed Plaintiff's e-mail.

(4) Therefore, we cannot accept the claim that there was a stipulation for the Defendant to receive 3-year's worth of expected profits, and this expected profits be deducted from the export payments that Defendant was to remit to the Plaintiff. Therefore, the Defendant has an obligation to return the unjust enrichment amounting to USD 587,135,35.00 equivalent to the amount of total sum of checks. Accordingly, there are no merits in the Defendant's answer and counterclaims.

## C. The Calculation of Unjust Enrichment

Although the Plaintiff argues the exchange rate applied in this case should be the exchange rate of the day the Plaintiff demanded the Defendant return the export payments, February 27th, 2003, when claiming the converted sum in Korean currency equivalent to unjust enrichment of USD 587,135.35, it is appropriate to interpret Article 378 of the Korean Civil

- 16 -

Proceeding Law referring the exchange rate of the day of repayment to be applied when dealing with a debt denominated in a foreign currency but repaid in Korean currency when considering the intention of Article 378 of the Korean Civil Proceeding Law using the term "when repaying" which is distinguished from the expression "maturity" in Article 376 and Article 377 Clause 2. Accordingly, when a creditor exercises his/her rights to an alternate collection and claims a sum in Korean currency, the court should order the application of the foreign currency exchange rate of the date closest to the date of oral proceeding closure and apply the exchange rate as of the date of this trial's oral proceeding, December 2nd, 2005, at 1,034.1 Won to USD 1, so the sum of unjust enrichment that the Defendant must pay back to the Plaintiff is 607,156,665.00 Won (= USD 567,135.35 x 1,034.1 Won, the sum below 1 Won is rounded off).

## 4. Conclusion

Therefore, the Defendant has an obligation to repay the sum of the unjust enrichment of 607,156,665.00 Won and interest calculated at a 5% annual interest rate during the period in which the Defendant has the rights to contest the determination of existence and scope of his obligations from the following date of this lawsuit's official delivery on the record, April 1st, 2005, to the date of this ruling's delivery December 16th, 2005, and a 20% annual rate from the date after this ruling to the date of full repayment, in accordance with the demand of the Plaintiff, the court applies the above accepted scope, and dismisses the remaining claims and counterclaims filed by the Defendant since there is no cause found.

CHIEF JUDGE    JONG MOON PARK _____

JUDGE BYUNG HEE OH _____

JUDGE JI HYUN MIN _____

**EXHIBIT B**



<div align="center">

## 수원지방법원 안산지원
## 배 당 표

</div>

사 건    2006타경8637 부동산강제경매

| 배당할금액 | 금 | 96,146,893 | |
|---|---|---|---|
| 명 세 | 매각대금 | 금 | 95,890,000 |
| | 지연이자 | 금 | 0 |
| | 전경매보증금 | 금 | 0 |
| | 매각대금이자 | 금 | 256,893 |
| | 항고보증금 | 금 | 0 |
| 집 행 비 용 | 금 | 2,202,420 | |
| 실제배당할금액 | 금 | 93,944,473 | |
| 매 각 부 동 산 | 안산시 단원구 고잔동 670 중앙주공아파트 706동 207호 | | |

| 채 권 자 | | 안산시단원구청장 | 주식회사한국외환은행 | 오토스테크주식회사 |
|---|---|---|---|---|
| 채권금액 | 원 금 | 60,890 | 40,000,000 | 200,000,000 |
| | 이 자 | 0 | 408,591 | 44,712,329 |
| | 비 용 | 0 | 0 | 0 |
| | 계 | 60,890 | 40,408,591 | 244,712,329 |
| 배 당 순 위 | | 1 | 2 | 3 |
| 이 유 | | 교부권자(당해세) | 근저당권자 | 채권자(판결) |
| 채권최고액 | | 0 | 54,000,000 | 0 |
| 배 당 액 | | 60,890 | 40,408,591 | ※ 53,474,992 |
| 잔 여 액 | | 93,883,583 | 53,474,992 | 0 |
| 배 당 비 율 | | 100.00% | 100.00% | 21.85% |
| 공탁번호 (공탁일) | | ( 금제   호 ) | ( 금제   호 ) | ( 금제   호 ) |

<div align="center">

2006.  11.  24.

판 사   이 정 민

</div>

1—1

# Suwon District Court Ansan Branch

## Allocation Table

Case    2006 Ta Gyung 8637    Forced Sale of Real Property by Auction

| | | | | |
|---|---|---|---|---|
| Allocation amount | | W96,146,893 | | |
| D<br>e<br>t<br>a<br>i<br>l<br>s | Sale amount | W95,890,000 | | |
| | Interest on late payment | W0 | | |
| | Auction deposit | W0 | | |
| | Interest on auction proceeds | W256,893 | | |
| | Deposit on appeal | W0 | | |
| Execution expense | | W2,202,420 | | |
| Actual amount to be allocated | | W93,944,473 | | |
| Real property auctioned | | 207 Ho, 706 Dong, Joong-Ang Joo-Gong APT, Gojan-Dong 670, Danwon-Gu, Ansan-Shi | | |
| Creditor | | Ansan-Shi Danwon Mayor | Korea Exchange Bank | Otos Tech Co., Ltd. |
| A<br>m<br>o<br>u<br>n<br>t | Principal | 60,890 | 40,000,000 | 200,000,000 |
| | Interest | 0 | 408,591 | 44,712,329 |
| | Expenses | 0 | 0 | 0 |
| | Total | 60,890 | 40,408,591 | 244,712,329 |
| Allocation order | | 1 | 2 | 3 |
| Reason | | Grantor (applicable tax) | Holder of collateral | Creditor (judgment) |
| Notified amount of claim | | 0 | 54,000,000 | 0 |
| Allocation amount | | 60,890 | 40,408,591 | 53,474,992 |
| Remainder | | 93,883,583 | 53,474,992 | 0 |
| Allocation ratio | | 100.00% | 100.00% | 21.85% |
| Deposit no. (Deposit date) | | Case no. ( . . ) | Case no. ( . . ) | Case no. ( . . ) |

November 24, 2006
Judge Lee Jung-min

1-1



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY:**  We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation of the original document, to the best of the translator's ability, from the original Korean language consisting of:  **Suwon District Court Ansan Branch, Allocation Table regarding 2006 Ta Gyung 8637, Forced Sale of Real Property by Auction,** into the English language. TranZlations, Inc., also states that the translator is proficient in Korean and English.

Executed on: February 27, 2009

Patricia Goldberg

State of NEW JERSEY, County of Essex.
Sworn to and subscribed before me on this 27th day of February, 2009 by Patricia Goldberg.

Notary Public

My commission expires: _____

MARIA TORRES
ID # 2349811
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 9/19/2011

TRANZLATIONS INC. / 103 EISENHOWER PARKWAY / SUITE 109 / ROSELAND, NJ 07068
EM: pgoldberg@tranzlations.net / PH: 973.740.1151 / TOLL FREE: 1.877.663.1258
www.tranzlations.net

**EXHIBIT C**



압류 및 매

1. 회사명 :

2. 1주의 금

3. 압류 밎



영 수 증

일금 貳億陸阡壹百        원정
₩ 261.000.000

내역 : 2007 년 본제 10064 호

위 금은 채권자 오토스티코(주)에 대한 변제금 중
일부금임.(단, 압류물건에 대한 경매매득금임.)

위와 같이 영수합니다.

2008 년 10월 29일

수원지방법원집행관

전화 ┌ 211-7592
     │ 211-9487
     ┤ 213-4500
     │ 215-0513
     └ 215-0514

채무자 : 김영일        귀하

Attachment and Sale

1. Company Name:
2. Amount per Week
3. Attachment and Sale

<div style="border:1px solid black; padding:1em;">

## Receipt

Amount: Two hundred sixty-one million won

W261,000,000

   Details:     Year: 2007       Case no.: 10064

The above amount is a partial repayment to the creditor, Otos Tech Co., Ltd. (However, the amount is the proceeds of the auction of the attached property.)

The above amount was received

October 29, 2008

### Suwon District Court Bailiff

Telephone   211-7592
               211-9487
               213-4500
               215-0513
               215-0514

Debtor: Mr. Kim Yung-il

</div>



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY**: We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation of the original document, to the best of the translator's ability, from the original Korean language consisting of: **Receipt dated October 29, 2008 regarding Case Number 10064,** into the English language. TranZlations, Inc., also states that the translator is proficient in Korean and English.

Executed on: February 27, 2009

_____
Patricia Goldberg

State of NEW JERSEY, County of Essex.
Sworn to and subscribed before me on this 27th day of February, 2009 by Patricia Goldberg.

_____
Notary Public

My commission expires: _____

MARIA TORRES
ID # 2349811
NOTARY PUBLIC OF NEW
Commission Expires 9/19/2011

TRANZLATIONS INC. / 103 EISENHOWER PARKWAY / SUITE 109 / ROSELAND, NJ 07068
EM: pgoldberg@tranzlations.net / PH: 973.740.1151 / TOLL FREE: 1.877.663.1258
www.tranzlations.net

**EXHIBIT D**



## 공 탁 서 (금전)

| 처리인 | 접수 | 조사 | 수 리 | 원표작성 | 납 입 | 출납부정리 | 통지서발송 |
|---|---|---|---|---|---|---|---|
| | | | 년 월 일 □□ | | 년 월 일 □□ | | 년 월 일 □□ |

수원지방법원  지원
공탁관  귀하

| 공 탁 번 호 | 2008년금<br>제 11665 호 | 2008. 10. 10 일 신청 | 법령<br>조항 | 민법 제487조 |
|---|---|---|---|---|

| 공 탁 자 | 성 명 | 김영일 | 피공탁자 | 성 명 | 오토스테크 주식회사<br>대표이사 허문영 |
|---|---|---|---|---|---|
| | 주민등록번호 | 530125-1000313 | | 법인등록번호 | 110111-2487208 |
| | 주 소 | 경기도 안산시 단원구 고잔동<br>670 주공아파트 706동 207호.<br>(판결문상 주소 : 미국 뉴저지주<br>07632, 엔글우드 클리프스, 111<br>사롯데 플래이스 303호, 오거케이<br>아메리카 주식회사) | | 주 소 | 경기도 화성시 팔탄면<br>서근리 224-16<br>(판결문상 주소 :<br>서울 금천구 가산동<br>234-12) |

| 공 탁 금 액 | 금 사억칠천일백사십팔만팔천이백칠원 (금 471,488,207원) |
|---|---|

| 공 탁 원 인 사 실 | 공탁자는 서울고등법원이 2007. 2. 6. 선고한 2006나13386 (본소) 부당이득금반환, 2006나13393 (반소) 보상금 청구사건의 피고(반소원고) 로서, 위 사건 원고(반소피고) 인 피공탁자에게 금 544,920,318원과 지연이자를 지급하라는 일부패소의 제2심 판결을 선고받았는바, 2006. 11. 24. 및 2008. 10. 29. 각 위 사건의 제1심 및 제2심 가집행선고부 판결에 기한 원고의 강제집행으로 일부변제로된 금액을 공제한 판결원리금 잔액(계산내역 별첨)을 임의지급코자 하였으나, 위 사건 판결에 대하여 상고를 제기한 피공탁자가 수령을 하지 아니하고 강제집행을 하려 하므로, 강제집행을 면하고자 부득이 공탁하는 것입니다. |
|---|---|

| 비 고 (첨부서류등) | 1. 판결정본 1통, 2. 판결원리금 계산내역서 1통, 3. 배당표 1통, 4. 집행관 영수증 1통,<br>5. 집행문부여통지서 1통, 6. 법인등기부 등본 2통, 7.주민등록표 초본 1통, 8. 공탁통지서 1통 |
|---|---|

| 1. 공탁으로 인하여 소멸하는 질권,<br>전세권 또는 저당권<br>2. 반대급부 내용 | 없 음 |
|---|---|

위와 같이 공탁합니다.
공탁자 성명 김영일 ㉠

주소
대리인 성명

위 공탁을 수리합니다.
공탁금을 2008. 11. 1 일까지 ○○은행 공탁관의 계좌에 납입하시기 바랍니다.
위 납입기일까지 공탁금을 납입하지 않을 때는 이 공탁 수리결정은 효력을 상실합니다.
2008. 11. 10.
수 원 지 방 법 원
공 탁 관

년 2008. 11. 10 일 공 탁 관 ㉠
수원지방법원 공탁관

공탁금이 납입되었음을 증명합니다.
년    월    일
공탁물보관자
(주)신한은행 수원법원지점

## Deposition statement (Money)

| Processor | Receipt | Investigation | Acceptance | Preparer | Payment | Bookkeeper | Notification dispatch |
|---|---|---|---|---|---|---|---|
| | | | Date | | Date | | Date |

| | | | | |
|---|---|---|---|---|
| | Suwon District Court        Branch<br>Deposition officer | | | |

| Deposit no. | Year 2008<br>No. 11665 | Applied on | Statute | Civil Law Article 487 |
|---|---|---|---|---|

| Depositor | Name | Kim Yung-il | Depositary | Name | Otos Tech Co., Ltd.<br>Representative Director<br>Huh Mun-yung |
|---|---|---|---|---|---|
| | Resident registration no. | 530125-1000313 | | Corporate registration no. | 110111 - 2487208 |
| | Address | 207 Ho, 706 Dong, Joo-Gong APT Gojan-Dong 670 Danwon-Gu Ansan-Shi, Gyeong-gi-Do (Address on the judgment: 303 111 Shallotte Place Englewood Cliffs NJ, 07632 USA, OGK America, Inc.) | | Address | Seogun-Ri, Paltan-Myun, Hwasung-Shi, Gyeong-gi-Do<br><br>(Address on the judgment: Gasan-Dong, Geumcheon-Gu, Seoul 234-12) |

| Amount deposited | Four hundred seventy-one million four-hundred eighty-eight thousand two hundred seven won (W471,488,207) |
|---|---|

| Cause and fact of deposition | The depositor is the defendant (plaintiff of the countersuit) of the case 2006 Na 13386 (original suit) Return of Fraudulent Gains and the case 2006 Na 18393 (countersuit) Request for Indemnity and was sentenced to pay W544,920,318 and interest on late payment in the second trial to the plaintiff of the above case (defendant of the countersuit) by Seoul High Court. As a result, the court tried discretionally to pay the remainder of the judgment principal arrived by deducting the amount that was partially reimbursed by the plaintiff's coercive action according to the judgment for provisional execution in the first and second trials of the above case. However, the depositary who raised an objection to the above judgment tried to carry out a coercive action instead of taking the payment. Therefore, the deposition is made in order to avoid the coercive action. |
|---|---|

| Remark (attached files, etc.) | 1. One original copy of judgment, 2. One copy of statement showing calculation of principal 3. One copy of allocation table, 4. One copy of bailiff's receipt, 5. One copy of notification of execution, 6. Two copies of certificate of corporate registration, 7. One copy of certificate of resident abstract, 8. One copy of deposition notification |
|---|---|

| 1. Right of pledge, right of engagement, and mortgage to be extinguished as a result of the deposition<br>2. Details of consideration | None |
|---|---|

Deposited as stated above                    Address
Depositor name   Kim Yung-il                 Name of deputy

The above deposition was accepted.
Please pay the deposition amount to the account of the deposition officer at OO Bank by November 18, 2008. In the event payment is not made by the above date, this deposition loses its validity.  Suwon District Court
                        November 18, 2008    Deposition officer Park Min-shik
                                            Suwon District Court Deposition Officer

(Receipt) The above deposit was paid
                        Day    Month    Year
                                        Deposit Keeper

Shinhan Bank Suwon District Court Branch



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY:**  We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation of the original document, to the best of the translator's ability, from the original Korean language consisting of:  **Deposition Statement (Money) No. 11665,** into the English language. TranZlations, Inc., also states that the translator is proficient in Korean and English.

Executed on: February 27, 2009

Patricia Goldberg

State of NEW JERSEY, County of Essex.
Sworn to and subscribed before me on this 27th day of February, 2009 by Patricia Goldberg.

Notary Public

My commission expires: _____

MARIA TORRES
ID # 2349811
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 9/19/2011

TRANZLATIONS INC. / 103 EISENHOWER PARKWAY / SUITE 109 / ROSELAND, NJ 07068
EM: pgoldberg@tranzlations.net / PH: 973.740.1151 / TOLL FREE: 1.877.663.1258
www.tranzlations.net

**EXHIBIT E**

[제1-2호 양식]

## 금전 공탁서(재판상의 보증)

| 공 탁 번 호 | 2009년 금 제 87 호 | | | 2009. 01. 12일 신청 | 법령조항 | 민사집행법 제46조 제2항, 제44조 |
|---|---|---|---|---|---|---|
| 공탁자 | 성 명 (상호, 명칭) | 김 명 일 | 피공탁자 | 성 명 (상호, 명칭) | | 오토스테크 주식회사 |
| | 주민등록번호 (법인등록번호) | 530125-1000313 | | 주민등록번호 (법인등록번호) | | 110111-2487208 |
| | 주 소 (본점,주사무소) | 안산시 단원구 고잔동 670 주공아파트 706동 207호 | | 주 소 (본점,주사무소) | | 화성시 팔탄면 서근리 224-16 |
| | 전화번호 | 010-3308-4423 | | 전화번호 | | |
| 공 탁 금 액 | 금일천만원정 금10,000,000원 | | 보 관 은 행 | | | 신한은행 안산지원지점 |
| 법원의 명칭과 사 건 | 수원지방법원 안산지원 2008 카기 1704호 강제집행정지 | | | | | |
| | 당사자 | 채권자 | 김 명 일 | | 채무자 | 오토스테크 주식회사 |

| 공탁원인사실 | 1. 가압류보증 2. 가처분보증 3. 가압류 취소보증 4. 가처분 취소보증 5. 강제집행 정지의 보증 | 6. 강제집행 취소의 보증 7. 강제집행 속행의 보증 8. 소송비용 담보 9. 가집행 담보 10. 가집행을 면하기 위한 담보 | 11. 기타( ) |
|---|---|---|---|

| 비고 (첨부서류 등) | 담보제공명령등본, 등기사항전부증명서, 소송위임장, 담당변호사지정서 |
|---|---|

위와 같이 신청합니다.           대리인 주소 서울 서초구 서초동 1329-7 신덕빌딩 3층
                              전 화 번 호  (02)3019-2700
공탁자 성명 김 영 일            성       명  법무법인 원
                              담당변호사 박 태 범

위 공탁을 수리합니다.
공탁금을     2009. 01. 12   일까지 위 보관은행의 공탁관 계좌에 납입하시기 바랍니다.
위 납입기일까지 공탁금을 납입하지 않을 때는 이 공탁 수리결정의 효력이 상실됩니다.

2009년  1월  일
2009. 01. 12

수원지방법원 안산지원 공탁관   서 〇

(영수증) 위 공탁금이 납입되었음을 증명합니다.

2009년  2009. 01. 12월  일

공탁금 보관은행(공탁관)   장 창 금 (인)

접수 No.
2009. 01. 12

주 1. 도장을 찍을 곳이거나 서명을 하되, 대리인이 공탁할 때에는 대리인의 주소, 성명을 기재하고 대리인의 도장을 날인(서명)하여야 합니다.
2. 공탁당사자가 국가 또는 지방자치단체인 경우에는 법인등록번호란에 '사업자등록번호'를 기재하시기 바랍니다.
3. 공탁금 회수청구권은 소멸시효완성으로 국고에 귀속될 수 있으며, 공탁서는 개발급 되지 않으므로 잘 보관하시기 바랍니다.

* To original lockbox
1/12

[Forms 1 and 2]

## Monetary Deposition Statement (Guarantee by the Court)

| Deposit no. | | Year 2009          No. 87 | | Applied on January 12, 2009 | Statute | Civil Law Article 46.2 and Criminal Law Article 44 |
|---|---|---|---|---|---|---|
| Depositor | Name (Trade name, name) | Kim Yung-il | Depositary | Name (Trade name, name) | | Otos Tech Co., Ltd. |
| | Resident Registration no. (Corporate Registration no.) | 530125-1000313 | | Resident Registration no. (Corporate Registration no.) | | 110111 – 2487208 |
| | Address (Headquarter, main office) | 207 Ho, 706 Dong, Joo-Gong APT Gojan-Dong 670 Danwon-Gu Ansan-Shi | | Address (Headquarters, main office) | | Seogun-Ri, Paltan-Myun, Hwasung-Shi, 224-16 |
| | Telephone | 010-3308-4423 | | Telephone | | |

| Amount deposited | Ten million won only | Keeper bank | Shinhan Bank Ansan Branch Court Branch |
|---|---|---|---|
| | W10,000,000 | | |

| Name of the court and case | Suwon District Court Ansan Branch 2008 Ka Gi 1704 Ho Suspension of Forced Execution | | | |
|---|---|---|---|---|
| | Party | Creditor | Kim Yung-il | Creditor | Otos Tech Co., Ltd. |

| Cause and fact of deposition | 1. Guarantee of provisional attachment 2. Guarantee of provisional disposition 3. Guarantee of provisional attachment cancellation 4. Guarantee of provisional disposition cancellation 5. Guarantee of suspension of forced execution 6. Guarantee of cancellation of forced execution | 7. Guarantee of continuation of forced execution 8. Guarantee of court costs 9. Guarantee of provisional execution 10. Guarantee for avoiding provisional execution 11. Others (        ) |
|---|---|---|

| Remark (attached files, etc.) | Copy of Collateral Provision Order, certificates for all the registered items, warrant of attorney, certificate of appointment of in-charge attorney |
|---|---|

| Applied as above. Depositor name  Kim Yung-il | Address of proxy  3F Shin-Duk Building Seocho-Dong Seoul, 1329-7 Telephone        (02)3019-2700 Name            Law Firm One In-charge attorney Park Tae-bum |
|---|---|

The above deposition was accepted.
Please pay the deposition amount to the account of the deposition officer at OO Bank by January 12, 2008. In the event the payment is not made by the above date, the effectiveness of the validity of this disposition's acceptance shall be lost.
Suwon District Court
January 12, 2009
Suwon District Court Deposition Officer Yeo Hak

| Accepted | (Receipt) The above deposit was paid |
|---|---|
| January 12, 2009 Suwon District Court Ansan Branch General Affairs Department | January 12, 2009 .Ansan Branch  Kang Chang-geum Manager |

Deposit Keeper Bank (Deposit Officer)          (Seal)

Note: 1. Affix a seal or sign, but when the proxy places money on deposit, the proxy's address and name should be entered and the proxy's seal should be affixed (signed).
2. When the depositor is the national government or regional governing body, please enter the 'Business Registration Number' in the Corporate Registration Number column.
3. The right to withdraw the deposition may revert to the national treasury due to the completion of extinctive prescription. Keep the deposition statement safely because the statement isn't reissued.



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY**:  We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation of the original document, to the best of the translator's ability, from the original Korean language consisting of: **Monetary Deposition Statement (Guarantee by the Court) No. 87,** into the English language. TranZlations, Inc., also states that the translator is proficient in Korean and English.

Executed on: February 27, 2009

Patricia Goldberg

State of NEW JERSEY, County of Essex.
Sworn to and subscribed before me on this 27th day of February, 2009 by Patricia Goldberg.

Notary Public

My commission expires: _____

MARIA TORRES
ID # 2349811
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 9/19/2011

TRANZLATIONS INC. / 103 EISENHOWER PARKWAY / SUITE 109 / ROSELAND, NJ 07068
EM: pgoldberg@tranzlations.net / PH: 973.740.1151 / TOLL FREE: 1.877.663.1258
www.tranzlations.net

**EXHIBIT F**

# 수원지방법원
# 배 당 표

2008타기3244    배당절차

| 배당할금액 | | 금 | 259,927,026원 | |
|---|---|---|---|---|
| 명세 | 매각대금<br>(공탁금) | 금 | 258,882,940원 | |
| | 이 자 | 금 | 1,044,086원 | |
| | | | | |
| 집 행 비 용 | | 금 | 2,269,080원 | |
| 실제배당할<br>금 액 | | 금 | 257,657,946원 | |
| 매각목적물<br>(공탁번호) | | 2009 - 800052 | | |
| 채 권 자 | | 오토스테크주식회사<br>(수원지법2006타채<br>6052) | | |
| 채권액 | 원 금 | 678,684,710원 | | |
| | 이 자 | 0원 | | |
| | 비 용 | 0원 | | |
| | 계 | 678,684,710원 | | |
| 배 당 순 위 | | 1 | | |
| 이 유 | | 압류권자 | | |
| 배 당 비 율 | | 100.0% | | |
| 배 당 액 | | 257,657,946원 | | |
| 잔 여 액 | | 0원 | | |

2009. 2. 2.

사법보좌관 조 규 성

## Suwon District Court
## Allocation Table

2008 Ta Gi 3244        Allocation process

| | | | |
|---|---|---|---|
| Allocation amount | | W259,927,026 | |
| **Details** | Sale amount (Deposit) | W258,882,940 | |
| | Interest | W1,044,086 | |
| | | | |
| Execution expense | | W2,269,080 | |
| Actual amount to be allocated | | W257,657,946 | |
| Property to be sold (Deposition no.) | | 2009 - 800052 | |

| | | | | |
|---|---|---|---|---|
| Creditor | | Otos Tech Co., Ltd. (Suwon District Court 2006 Ta Che 6052) | | |
| **Amount** | Principal | W678,684,710 | | |
| | Interest | W0 | | |
| | Expenses | W0 | | |
| | Total | W678,684,710 | | |
| Allocation order | | 1 | | |
| Reason | | Holder of right of attachment | | |
| Allocation ratio | | 100.0% | | |
| Allocation amount | | W257,657,946 | | |
| Remainder | | W0 | | |

February 2, 2009
Judicature Aide  Jo Gyu-sung



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY**: We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation of the original document, to the best of the translator's ability, from the original Korean language consisting of: **Suwon District Court Allocation Table, 2008 Ta Gi 3244, Allocation Process,** into the English language. TranZlations, Inc., also states that the translator is proficient in Korean and English.

Executed on: February 27, 2009

_____
Patricia Goldberg

State of NEW JERSEY, County of Essex.
Sworn to and subscribed before me on this 27th day of February, 2009 by Patricia Goldberg.

_____
Notary Public

My commission expires: _____

**MARIA TORRES**
**ID # 2349811**
**NOTARY PUBLIC OF NEW ...**
**Commission Expires 9/19/201**

TRANZLATIONS INC. / 103 EISENHOWER PARKWAY / SUITE 109 / ROSELAND, NJ 07068
EM: pgoldberg@tranzlations.net / PH: 973.740.1151 / TOLL FREE: 1.877.663.1258
www.tranzlations.net

**EXHIBIT G**




## 수원지방법원 안산지원

## 제 1 0 민 사 부

## 결             정

| | |
|---|---|
| 사      건 | 2008카합230  가압류이의 |
| 채 권 자 | 오토스테크 주식회사 |

서울 금천구 가산동 234-12

대표이사 허문영

소송대리인 변호사 윤기정, 강승룡, 음장복

| | |
|---|---|
| 채 무 자 | 김영일 |

미국 뉴저지주 07632, 엔젤우드 클리프스, 샤롯데 플레이스 303

호, 오지케이 아메리카 주식회사 (OGK AMERICA INC.   111

CHARLOTTE PLACE #303 ENGLEWOOD CLIFFS, NJ 07632,

USA)

송달장소  안산시 단원구 고잔동 670 주공아파트 706동 207호

소송대리인 법무법인 원

담당변호사 박태범, 박판우, 황규민, 김영민

| | |
|---|---|
| 제 3 채무자 | 주식회사 한국오.지.케이 |

원주시 지정면 간현리 261-6

대표이사 박수안

위변조 방지용 바코드 입니다.

 

## 주    문

1. 채권자와 채무자 사이의 이 법원 2004카합1333호 채권가압류신청 사건에 관하여 이

   법원이 2004. 12. 9.에 한 채권가압류결정을 취소한다.

2. 채권자의 이 사건 채권가압류 신청을 기각한다.

3. 소송비용은 채권자가 부담한다.


## 신 청 취 지

채권자 : 주문 제1항 기재 가압류결정을 인가한다.

채무자 : 주문과 같다.


## 이    유

1. 기초사실

 다음 각 사실은 이 법원에 현저하거나, 이 사건 기록 및 심문 전체의 취지를 종합하

여 소명된다.

 가. 이 사건 가압류결정 및 가압류이의판결

  채권자가 채무자에 대하여 690,200,696원의 횡령금 반환채권을 피보전권리로 하여

그 집행보전을 위하여 별지 1. 기재 채권에 관하여 이 법원 2004카합1333호로 채권가

압류 신청을 하자, 이 법원은 이를 받아들여 2004. 12. 9. 위 채권에 대하여 가압류결

정(이하, 이 사건 가압류결정이라 한다)을 하였고, 이에 대하여 채무자가 이 법원 2005

카합177호 가압류이의 신청을 하자, 이 법원은 2005. 12. 16. "별지 1. 기재 채권에 대

하여 한 위 가압류결정은 607,156,665원의 범위 내에서 이를 인가하고, 이를 초과하는




부분은 이를 취소하여 그 부분에 대한 채권자의 가압류 신청을 기각한다"라는 취지로 판결하였다.

나. 본안판결의 확정

한편, 채권자는 채무자를 상대로 하여 이 법원 2005가합999호로 부당이득금반환의 소를 제기하여, 이 법원으로부터 2005. 12. 16. "채무자는 채권자에게 부당이득금 607,156,665원(미화 587,135.35달러를 위 사건 변론종결일 당시의 환율에 따라 원으로 환산한 금액) 및 이에 대하여 2005. 4. 1.부터 2005. 12. 16.까지는 연 5%, 그 다음날부터 다 갚는 날까지는 연 20%의 각 비율에 의한 금원을 지급하라"는 취지의 판결을 선고 받았고, 이에 대하여 채무자가 서울고등법원 2006나13386호로 항소하여, 위 법원으로부터 2007. 2. 6. "채무자는 채권자에게 부당이득금 544,920,318원(미화 587,135.35달러를 이 사건 변론종결일 당시의 환율에 따라 원으로 환산한 금액) 및 이에 대하여 2005. 4. 1.부터 2007. 2. 6.까지는 연 5%, 그 다음날부터 다 갚는 날까지는 연 20%의 각 비율에 의한 금원을 지급하라"는 취지의 판결을 선고받았으며, 이에 대하여 채무자가 대법원에 상고하였으나, 2008. 12. 24. 위 상고가 기각됨으로써, 서울고등법원의 위 판결이 확정되었다.

다. 채무자의 변제공탁 등

채권자는, 이 법원에 2006타경8637호로 채무자 소유의 부동산에 대하여 강제경매를 신청하여, 2006. 11. 24. 이 법원으로부터 53,474,992원을 배당받았고, 수원지방법원에 2006타채6052호로 채무자 소유의 주식에 대한 특별현금화(매각)명령을 신청하여 2008. 10. 29. 위 법원으로부터 261,000,000원을 지급받았으며, 채무자는 2008. 11. 18. 채권자를 위하여 471,488,207원을 변제공탁하였다.

 

2. 위 확정판결 원금 및 지연손해금의 전액 변제 여부

 그런데, 채권자가 위와 같이 배당금, 지급금을 수령하고, 채무자가 위와 같이 채권자를 위하여 변제공탁함으로써, 위 확정판결에서 채무자에게 지급을 명한 원금 및 지연손해금이 모두 변제되었음은 계산상 명백하다(별지 2 기재 판결원리금 계산내역 참조).

3. 결 론

 그렇다면, 이 사건 가처분결정은 그 피보전채권이 모두 소멸하였으므로, 이를 취소하여야 할 사정변경이 생겼다 할 것이어서 이를 취소하기로 하고, 채권자의 이 사건 채권가압류신청은 이유 없어 이를 기각하기로 하여 주문과 같이 결정한다.


                    2009. 2. 16.


            재 판 장    판 사    신  일  수


                      판  사    노  현  미


                      판  사    김  병  국

 

별지 1

채무자가 제3채무자에 대하여 가지는 미지급된 수수료(커미션) 및 제3채무자로부터 매

월 또는 2개월에 한번씩 지급받는 수수료(커미션)에 대하여 690,200,696원에 이를 때

까지의 금액




별지 2

# 판결원리금 계산내역

## (지급일자 : 2008. 11. 18. 기준)

사건 : 서울고등법원 2006나13386(본소) 부당이득금반환
　　　　　　　　　 2006나13393(반소) 보상금
원고(반소피고) : 오토스테크(주)
피고(반소원고) : 김영일

1. 판결문상의 판결원금 : 544,920,318원

2. 판결문상의 지연이자 : 2005. 4. 1.부터 2007. 2. 6.까지 연 5%,
　　　　　　　　　　　　　　　 2007. 2. 7.부터 다 갚는 날까지 연 20%

3. 강제집행에 의한 변제금액
　 가. 2006. 11. 24. : 53,474,992원 (수원지방법원 안산지원 2006타경8637호)
　 나. 2008. 10. 29. : 261,000,000원 (수원지방법원 2007본제10064호)
　 * 위 변제금은 이자, 원금 순으로 충당함.

4. 기간별 판결원리금 계산내역

　 가. 2005. 4. 1. ~ 2006. 11. 24. (1년 238일, 연 5%)
　　 · 판결원금 : 544,920,318원
　　 · 기간중 이자 : 45,011,911원 [= 544,920,318원 x (1 + 238/365) x 0.05]

　 * 2006. 11. 24. 강제집행에 의한 변제(1차, 별첨1. 배당표) : 53,474,992원
　　 (위 가.항의 이자 45,011,911원을 선충당 후, 나머지 8,463,081원으로 원금 중
　　 일부를 충당함)






나. 2006. 11. 25. ~ 2007. 2. 6. (74일, 연 5%)
- 1차 변제충당후 잔존 원금 : 536,457,237원
- 기간중 이자 : 5,438,060원 [= 536,457,237원 x 74/365 x 0.05]

* 2008. 2. 6. 항소심 판결 선고

다. 2007. 2. 7. ~ 2008. 10. 29. (1년 266일, 연 20%)
- 1차 변제충당후 잔존 원금 : 536,457,237원
- 기간중 이자 : 185,481,927원 [= 536,457,237원 x (1 + 266/365) x 0.2]

* 2008. 10. 29. 강제집행에 의한 변제(2차, 별첨2. 영수증) : 261,000,000원
(위 나. 및 다.항의 이자 190,919,987원을 선충당 후, 나머지 70,080,013원으로
원금 중 일부를 충당함)

라. 2008. 10. 30. ~ 2008. 11. 18. (20일, 연 20%)
- 2차 변제충당후 잔존 원금 : 466,377,224원 —
- 기간중 이자 : 5,110,983원 [= 466,377,224원 x 20/365 x 0.2]

5. 잔존 판결원리금 합계 : 금 471,488,207원   -끝-




# 정본입니다.

2009. 2. 17.

수원지방법원 안산지원

법원주사 김 은 희 

※ 각 법원 민원실에 설치된 단말기의 발급번호조회 메뉴를 이용하거나, 담당 재판부에 대한 문의를 통하여 이 문서 하단에 표시된 발급번호를 조회하시면, 문서의 위·변조 여부를 확인하실 수 있습니다.



Court

www.scourt.go.kr
Voice play barcode

# Suwon District Court Ansan Branch

## Tenth Civil Department

### Decision

Case        2008 Ka Hap 230 Objection to Provisional Attachment

Creditor    Otos Tech. Co., Ltd.

            234 – 12 Gasan-Dong Geumcheon-Gu Seoul

            Representative Director Huh Mun-yung

            Process Attorneys: Yoon Ki-jung, Kang Seung-ryong, Eum Jang-bok

Debtor      Kim Yung-il

            OGK America Inc.  111 Charlotte Place #303 Englewood Cliffs, NJ 07632 USA

            Place of delivery: 207 Ho, 706 Dong, Joo-Gong APT, Gojan-

                        Dong 670, Danwon-Gu, Ansan-Shi

            Process attorney: Law Firm One

            In-charge lawyers: Park Tae-bum, Park Gwan-woo, Hwang Gyu-min, Kim yung-min

Third debtor Korea OGK Co., Ltd.

            261-6 Ganhyun-Ri, Jijung-Myun, Wonju-Shi

            Representative Director Park Su-an

Court                    www.scourt.go.kr
                                         Voice play barcode

## The Text

1. The provisional attachment decision made by this court on December 9, 2004
regarding the Provisional Attachment Application case (case no. 2004 Ka Hap 1333 Ho)
between the creditor and debtor shall be canceled.
2. The creditor's provisional attachment application shall be rejected.
3. The costs of the lawsuit shall be borne by the creditor.


Purpose of Application

Creditor: the provisional attachment decision stated in the first article of the text shall
be allowed.
Debtor: Same as the text.


Reasons

1. Basic Facts

The facts below either are conspicuously known in the court or shall be summoned by
integrating the records and the overall purpose of the hearings of the case.

A. Provisional attachment decision and judgment against provisional attachment
The creditor applied for a provisional attachment regarding the claim listed in the
Attachment 1 through this court's 2004 Ka Hap 1333 Ho in order to maintain the
enforcement of the claim with the claim to be reimbursed the embezzlement in the
amount of W690,200,696 against the debtor, and this court accepted the application and
made the provisional attachment decision for the above claim (shall be referred as
"provisional attachment decision" from hereon), and the debtor applied for an objection
to the provisional attachment through 2005 Ka Hap 177 Ho, and in response this court
reached a verdict by "allowing the provisional attachment decision regarding the claim
listed in the Attachment 1 not to exceed W607,156, 665 and cancelling the amount that
exceeds this amount by rejecting the provisional attachment application of the creditor
regarding the part which exceeds the limitation" on December 16, 2005.

B. Confirmation of this judgment
On the other hand, the creditor instituted a suit for the reimbursement of undue gains
through the 2005 Ga Hap 999 against the debtor and the debtor was sentenced to "repay
the creditor the undue gain in the amount of W607,156,665 (the amount that was
translated by applying the exchange rate at the time of the end of the proceedings of the
above case to US$587,135.35) and interest at the rate of 5% per annum for the period
between April 1, 2005 to December 16, 2005 and at the rate of 20% per annum
afterwards until the full amount is paid," and against the judgment, the debtor appealed to
Seoul High Court, but the above appeal was rejected on December 24, 2008, confirming
the above judgment of Seoul High Court.

Court                    www.scourt.go.kr
                         Voice play barcode

C. Reimbursement deposition of the debtor, etc.

The creditor applied for a forced auction of a real property owned by the debtor through this court's 2006 Ta Gyung 8637 Ho and was allocated W53,474,992 from this court on November 24, 2006, and the creditor applied to Suwon District Court for a special liquidation (sale) of securities owned by the debtor through 2006 Ta Che 6052 Ho and was paid W261,000,000 from the above court on October 29, 2008, and the debtor placed a reimbursement deposition in the amount of W471,488,207 for the creditor on November 18, 2008.

2. Whether the full amount of the principal and interest on late payment of the above irrevocable judgment was reimbursed

It is clear that, as the creditor accepted the allocated amount and payments and the debtor placed the reimbursement deposition for the creditor, the payment of the principal and interest on late payment which the above irrevocable judgment ordered the debtor to make was fully carried out as shown in the calculation details. (Refer to the calculation details of the principal listed in the Attachment 2).

3. Conclusion

Then, the provisional disposition decision shall be annulled because the claim was extinguished in its entirety and a cause for the annulment came into being and the provisional attachment application of the creditor in the current case shall be rejected due to lack of cause, as stated in the text.

February 16, 2009

Chief Justice Judge Shin Il-su

Judge Roh Hyun-mi

Judge Kim Byung-guk

Court

Attachment 1

The amount that shall add up to W690,200,696 with the unpaid commissions that the
debtor has the right to receive from the third debtor and the commission the debtor
receives every month or every other month from the third debtor

Court                        www.scourt.go.kr
                             Voice play barcode

Attachment 2

Calculation Details of the Principal Awarded by the Judgment
(Payment date: based on November 18, 2008)

Case: Seoul High Court 2006 Na 13386 (original suit)   Repayment of Undue Gains
            2006 Na 13393 (countersuit)         Compensation
Plaintiff (defendant of countersuit): Otos Tech. Co., Ltd.
Defendant (plaintiff of countersuit): Kim Yung-il

1. Principal amount in the decision: W544,920,318

2. Interest on late payment in the decision: 5% per annum from April 1, 2005 to February
                                             6, 2007
                                             20% per annum from February 7, 2007 to the
                                             date of full payment

3. Reimbursement amount by forced enforcement
   A. November 24, 2006: W53,474,992 (Suwon District Court Ansan Branch 2006 Ta
      Gyung 8637 Ho)
   B. October 29, 2008: W261,000,000 (Suwon District Court Case 2007 10064 Ho)
   The above reimbursement shall be deemed to have been paid in the order of interest
   first and principal second.

4. Calculation details of principal amount by period

A. April 1, 2005 – November 24, 2006 (1 year 238 days, 5% per annum)
   Principal amount of judgment: W544,920,318
   Interest during the period: W45,011,911 (= 544,920,318 x (1 + 238/365) x 0.05)

Reimbursement by forced execution on November 24, 2006 (First, Attachment 1,
Allocation Table): W53,474,992
(After allocating first to the interest portion of W45,011,911 in A above, the remaining
W8,463,081 was allocated to the principal)

B. November 25, 2006 – February 6, 2007 (74 days, 5% per annum)
Remaining principal after the first allocation: W536,457,237
Interest during the period: W5,438,060 (= 536,457,237 x 74/365 x 0.05)

Sentencing of judgment regarding the trial on appeal on February 6, 2008

C. February 7, 2007 – October 29, 2008 (266 days per year, 20% per annum)
 Remaining principal after the first allocation: W536,457,237

Court                          www.scourt.go.kr
                               Voice play barcode

Interest during the period: W185,481,927 (= 536,457,237 x (1 + 266/365 x 0.2)

Reimbursement by forced execution on October 29, 2008 (second, attachment 2, receipt): W261,000,000
(After allocating first to the interest portions of W190,919,987 in B and C above, the remaining W70,080,013 was allocated to the principal)

D. October 30, 2008 – November 18, 2008 (20 days, 20% per annum)
Remaining principal after the second allocation: W466,377,224 -
Interest during the period: W5,110,983 (= 466,377,224 x 20/365 x 0.2)


5. Remaining amount total: W471,488,207   -End-

Court                    www.scourt.go.kr
Voice play barcode

# This is original

February 17, 2009

Suwon District Court Ansan Branch

Court Clerk  Kim Eun-hee

* You can check whether a document was forged or tempered by using the Issued Number Search menu at the terminal installed at the petition room in each court or by searching for the issuance number indicated at the bottom of this document through inquiry to the court

2009-0008810476-BMH6D        Temper-proof bar codes



*"We take the time to read between the lines"*


**CERTIFICATION OF ACCURACY**:  We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation of the original document, to the best of the translator's ability, from the original Korean language consisting of:  **Suwon District Court Ansan Branch, Tenth Civil Department, Decision regarding 2008 Ka Hap 230 Objection to Provisional Attachment,** into the English language. TranZlations, Inc., also states that the translator is proficient in Korean and English.

Executed on: February 27, 2009

_____
Patricia Goldberg

State of NEW JERSEY, County of Essex.
Sworn to and subscribed before me on this 27th day of February, 2009 by Patricia Goldberg.

_____
Notary Public

MARIA TORRES
ID # 2349811
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 9/19/2011

My commission expires: _____

TRANZLATIONS INC. / 103 EISENHOWER PARKWAY / SUITE 109 / ROSELAND, NJ 07068
EM: pgoldberg@tranzlations.net / PH: 973.740.1151 / TOLL FREE: 1.877.663.1258
www.tranzlations.net

**EXHIBIT H**

# 공 탁 서(금전)

| 처리인 | 접수 | 조사 | 수 리 | 완료확정 | 납 입 | 납입부정리 | 통지서발송 |
|---|---|---|---|---|---|---|---|
| | | | 년 월 일□□ | | 년 월 일□□ | | 년 월 일□□ |

수원지방법원       지원
공탁관       귀하

| 공 탁 번 호 | 2009년금<br>제 **1649** 호 | 2009. 02. 19. 월 신청 | 법령<br>조항 | 민법 제487조 |
|---|---|---|---|---|

| 공탁자 | 성 명 | 김영일 | 피공탁자 | 성명 | 오토스타코 주식회사<br>대표이사 하문영 |
|---|---|---|---|---|---|
| | 주민등록번호 | 530125-1000313 | | 법인등록번호 | 110111-2487208 |
| | 주소 | 경기도 안산시 단원구 고잔동<br>670 주공아파트 706동 207호<br>(판결문상 주소 : 미국 뉴저지주<br>07632, 앤젤우드 클리프스, 111<br>사웃데 플레이스 303호, 오지케어<br>아메리카 주식회사) | | 주소 | 경기도 화성시 팔탄면<br>서근리 224 - 16<br><br>(판결문상 주소 :<br>서울 금천구 가산동<br>234 - 12) |

| 공 탁 금 액 | 금 일천사백구십구만칠천구백팔십구원(금 14,997,989원) |
|---|---|

| 공탁원인사실 | 공탁자는 서울고등법원이 2007. 2 .6. 선고한 2006나13386(본소) 부당이득금반환, 2006나13393(반소)<br>보상금 청구사건의 피고(반소원고)로서, 위 사건 원고(반소피고)인 피공탁자에게 금 544,920,318원과<br>지연이자를 지급하라는 일부패소의 제2심 판결을 선고받았는바, 2006.11.24. 및 2008. 2. 2. 각 위 사건의<br>제1심 및 제2심 가집행선고부 판결에 기한 원고의 강제집행으로 일부 변제된 금액 및 2008. 11. 18.<br>변제공탁을 공제한 환정 원리금 잔액(계산내역 별지)을 위의 지급코자 하였으나, 피공탁자가 수림을 하지<br>아니하므로 부득이 부득이 공탁하는 것입니다. |
|---|---|

| 비 고(첨부서류등) | 1. 판결정본 1통,   2. 판결원리금 계산내역서 1통,   3. 배당표 2통,   4.공탁서 1통,<br>5. 주민등록표 초본 1통,   6. 공탁통지서 1통 |
|---|---|

| 1.공탁으로 인하여 소멸하는<br>  질권, 전세권 또는 저당권<br>2.반대급부 내용 | 없   음 |
|---|---|

위와 같이 공탁합니다.                          주소
공탁자 성명 김영일                  대리인 성명

위 공탁을 수리합니다.
년 2009 02. 19 월까지 ○○은행 공탁관의 계좌에 납입하시기 바랍니다.
위 납입기일까지 납입하지 않을 때에는 이 공탁의 수리를 취소합니다.

수 원 지 방 법 원
2009. 02. 19.
년 . 월   일   공탁관 유
수원지방법원 공탁관

(영수증) 위 공탁금이 납입되었음을 증명합니다.

년 2009 02월 19.   일

신한은행수원법원지점

## Deposition Statement (Money)

| Processor | Receipt | Investigation | Acceptance | Preparer | Payment | Bookkeeper | Notification dispatch |
|---|---|---|---|---|---|---|---|
| | | | Date | | Date | | Date |

| Suwon District Court      Branch |
|---|
| Depositor |

| Deposit no. | | Year 2008 No. 1649 | Petitioned on February 19, 2009 | Statute | Civil Law Article 487 |
|---|---|---|---|---|---|

| Depositor | Name | Kim Yung-il | Depositary | Name | Otos Tech Co., Ltd. Representative Director Huh Mun-yung |
|---|---|---|---|---|---|
| | Resident registration no. | 530125-1000313 | | Corporate registration no. | 110111 – 2487208 |
| | Address | 207 Ho, 706 Dong, Joo-Gong APT Gojan-Dong 670 Danwon-Gu Ansan-Shi, Gyeong-gi-Do (Address on the judgment: 303 111 Shallotte Place Englewood Cliffs NJ, 07632 USA, OGK America, Inc.) | | Address | Seogun-Ri, Paltan-Myun, Hwasung-Shi, Gyeong-gi-Do (Address on the judgment: Gasan-Dong, Geumcheon-Gu, Seoul 234-12) |

| Deposit | Fourteen million nine hundred ninety-seven thousand nine hundred eighty-nine won (W14,997,989) |
|---|---|

| Cause and fact of deposition | The depositor is the defendant (plaintiff of the countersuit) of the case 2006 Na 13386 (original suit) Return of Fraudulent Gains and the case 2006 Na 18393 (countersuit) Request for Indemnity and was sentenced to pay W544,920, 318 and interest on late payment in the second trial to the plaintiff of the above case (defendant of the countersuit) by Seoul High Court. As a result, the court tried discretionally to pay the remainder of the judgment principal arrived by deducting the amount that was partially reimbursed by the plaintiff's coercive action according to the judgment for provisional execution in the first and second trials of the above case. However, the depositary who raised an objection to the above judgment tried to carry out a coercive action instead of taking the payment. Therefore, the deposition is made in order to avoid the coercive action. |
|---|---|

| Remark (attached files, etc.) | 1. One original copy of judgment, 2. One copy of statement showing calculation of principal 3. Two copies of allocation table, 4. One copy of deposition statement, 5. One copy of certificate of resident abstract, 6. One copy of deposition notification |
|---|---|

| 1. Right of pledge, right of engagement, and mortgage to be extinguished as a result of the deposition 2. Details of consideration | None |
|---|---|

| Deposited as stated above | Address |
|---|---|
| Depositor name   Kim Yung-il | Name of deputy |

The above deposition was accepted.
Please pay the deposition amount to the account of the deposition officer at OO Bank by November 18, 2008. In the event payment is not made by the above date, this deposition loses its validity.  Suwon District Court
February 29, 2009    Deposition officer Park Min-shik
Suwon District Court Deposition Officer

(Receipt) The above deposit was paid
February 19, 2009
Deposit Keeper
Shinhan Bank Suwon District Court Branch



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY**: We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation of the original document, to the best of the translator's ability, from the original Korean language consisting of: **Deposition Statement (Money) No. 1649,** into the English language. TranZlations, Inc., also states that the translator is proficient in Korean and English.

Executed on: February 27, 2009

Patricia Goldberg

State of NEW JERSEY, County of Essex.
Sworn to and subscribed before me on this 27th day of February, 2009 by Patricia Goldberg.

Notary Public

My commission expires: _____

MARIA TORRES
ID # 2349811
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 9/19/2011

TRANZLATIONS INC. / 103 EISENHOWER PARKWAY / SUITE 109 / ROSELAND, NJ 07068
EM: pgoldberg@tranzlations.net / PH: 973.740.1151 / TOLL FREE: 1.877.663.1258
www.tranzlations.net