**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OTOS TECH CO., LTD. | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 03-1979 (WHW) |
| | : | |
| OGK AMERICA, INC. & YALE KIM A/K/A YOUNGIL KIM, | : | |
| | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Defendants OGK America, Inc. and Yale Kim A/K/A Youngil Kim move for an entry of an Order for the Turnover of Funds for the $910,000.00 awarded by this Court on August 11, 2006 to Defendants on their counterclaim against Plaintiff Otos Tech Co., Ltd.. (Cert. in Supp. of Mot. to Turnover Funds ¶ 3, Ex. A.) Defendants also seek post-judgment interest on $322,244.95 of the $910,000.00 judgment, at a rate of 5.1% as specified by 28 U.S.C. § 1961. (Cert. in Supp. of Mot. to Turnover Funds ¶ 7.) Plaintiff opposes the motion, and requests that judgment of $587,755.00 awarded in an action against Defendants in Korea be set-off against the $910,000.00 judgment awarded to Defendants. (Pls.' Opp'n to Def.'s Mot. To Turn Over Funds pg. 1, 4.)

**FACTS AND PROCEDURAL BACKGROUND**

**NOT FOR PUBLICATION**

Plaintiff brought suit in this Court in May 2003 against Defendant for breach of contract and conversion. (Pls.' Opp'n to Def.'s Mot. To Turn Over Funds pg. 1; Reply Br. in Further Supp. of Def.'s Mot. To Turn Over Funds pg. 2.) Defendants counterclaimed for breach of contract, breach of a settlement agreement, and breach of the covenant of good faith and fair dealing. (Id.) In late 2004, before judgment was rendered in this Court, Plaintiff filed an action in Korea asserting identical claims against Defendant. (Reply Br. In Further Supp. Of Def.'s Mot. To Turn Over Funds pg. 2.) On December 16, 2005, the Korean court awarded Plaintiff $587,755.00, which Defendants appealed. (Id.) The Supreme Court of Korea affirmed the judgment on December 28, 2008. (Id. at 5.) Judgment was entered by this Court on August 11, 2006, awarding Plaintiff $587,755.00 and Defendants $910,000 on their counterclaim. (Id. at 3; Cert. In Supp. Of Mot. For Turnover Of Funds, Ex. A.) The Third Circuit affirmed this Court's judgment, awarding Defendants post-judgment interest on $322,244.95, the difference between Plaintiff's and Defendants' awards. (Cert. In Supp. Of Mot. For Turnover Of Funds ¶ 5, Ex. C.)

Plaintiff has not yet satisfied the judgment awarded to Defendants nor any post-judgment interest. (Id. ¶ 6, 7.) Defendants allege they have paid a total of $847,747.00 in satisfaction of the Korean judgment, including 20% interest on the judgment totaling $259,992.00. (Reply Br. In Further Supp. Of Def.'s Mot. To Turn Over Funds pg. 3-4.) Plaintiff disputes this satisfaction. (Letter from Peter S. Perlman, Feb. 12, 2009, Dckt. # 70.)

Miller Electric Mfg. Co. ("Miller Electric"), a client of Plaintiff, "is currently holding or will hold funds in its accounts payable to Plaintiff that will satisfy the judgment" and interest owed to Defendants in this Court. (Cert. In Supp. Of Mot. For Turnover Of Funds ¶ 9.) The

**NOT FOR PUBLICATION**

accounts of Miller Electric payable to Plaintiff were levied upon by the U.S. Marshal's Office on November 12, 2008, pursuant to Defendants' Writ of Execution executed by this Court on September 18, 2008. (Id. ¶ 7, 8., Ex. D.)

## LEGAL STANDARDS

It is within a court's discretion whether to grant a set-off between judgments. See North Chicago Rolling Mill Co. V. St. Louis Ore and Steel Co., 152 U.S. 596, 571 (1894) ("[C]ounter-claims . . . may be enforced by way of set-off whenever the circumstances are such as to warrant the interference of equity to prevent wrong and injustice"). See also Reed v. Smith, 158 F. 889, 889 (D.N.J. 1908) (Set-offs "are addressed to the discretion of the court, and in the exercise of that discretion, even where the set-off might legally be made, if the court sees that injustice will be done by granting the order of set-off, it should be refused" (quoting Hendrickson v. Brown, 39 N.J.L. 239, 3 (1877)); P.V. Smith, Setoff as between judgments, 121 A.L.R. 478 (1939).

If a double recovery will result from a set-off, a set-off will not be allowed. See Helms v. Citizens Bank of Erwin, 97 S.W.2d 665, 668 (Tenn. App., 1936), cert. denied (1936) ("[E]very claim must have a legal or equitable basis to be the subject of a recoupment or setoff, and a setoff will not be allowed where it would result in a double recovery for defendant" (quoting Set-offs, 57 C.J., § 38, 385)); see also 20 Am. Jur. 2d Counterclaim, Recoupment, and Setoff § 14 (2009). In general, courts "should preclude double recovery by an individual." EEOC v. Waffle House, Inc., 534 U.S. 279, 297 (2002) (quoting Gen. Tel. Co. Of Nw. v. EEOC, 446 U.S. 318, 333 (1980)). See also Juzwin v. Amtorg Trading Corp., 705 F.Supp. 1053, 1063 (D.N.J., 1989), rev'd on other grounds, 900 F.2d 686 (3d Cir., 1990) ("A defendant in a civil action has a right

**NOT FOR PUBLICATION**

to be protected against double recoveries . . . because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process").

## DISCUSSION

Whether Defendants have fully satisfied the Korean judgment, double recovery could occur because its Korean judgment of $587,755.00 is identical to that (based on the same facts) awarded them here. (Pls.' Opp'n to Def.'s Mot. To Turn Over Funds pg. 3.) If that judgment is set-off against Defendants' judgment here, a double recovery for Plaintiff may result since Plaintiffs could also recover the Korean judgment entirely.

Thus, because of the possibility of double recovery, a set-off is not appropriate in this instance and Plaintiff must satisfy the $910,000.00 judgment against them. Excluding a set-off here, however, does not preclude Plaintiff from enforcing the Korean judgment upon Defendants' assets in Korea or the United States. Although Plaintiff's request that this Court recognize and enforce the Korean judgment was previously denied by this Court because the Korean judgment was still on appeal, Plaintiff may now enforce it as that judgment is now final. (Reply Br. In Further Supp. Of. Def.'s Mot. To Turn Over Funds pg. 2-3.) Requiring Plaintiff's to enforce the Korean judgement in a separate motion will allow both parties to properly brief the issue of whether the Korean judgement has in fact been satisfied under Korean law. Allowing Defendant's to recover the full judgement granted by this Court and at the same time permitting Plaintiff's to seek to enforce the Korean judgement in a separate proceeding protects against double recovery without foreclosing Plaintiff's ability to enforce its foreign judgement.

## CONCLUSION

**NOT FOR PUBLICATION**

As a set-off will not be granted because it may result in a double recovery for Plaintiff, Defendants' motion for entry of an Order for the Turnover of Funds is granted.

**s/ William H. Walls**
United States Senior District Judge
