# UNITED STATES DISTRICT COURT

## District of New Jersey

Chambers of
**William H. Walls**
District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

<u>NOT FOR PUBLICATION</u>

<u>LETTER ORDER</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

August 14, 2009

**Appearances:**

**PETER S. PEARLMAN**
COHN, LIFLAND, PEARLMAN, HERRMANN & KNOPF, LLP
PARK 80 PLAZA WEST ONE
SADDLE BROOK , NJ 07663
    *Attorney for Plaintiff*

**MARC D. HAEFNER**
CONNELL FOLEY, LLP
85 LIVINGSTON AVENUE
ROSELAND , NJ 07068-1765
    *Attorney for Defendants*

Re:   <u>Otos Tech Co, LTD. v. OGK America, Inc., et al.</u>; No. 03-1979 (WHW)
      Plaintiff's Motion for Stay of Turnover of Funds Order Pending Appeal

Dear Counsel:

The Court has reviewed the briefing in support of and in opposition to plaintiff's motion for a stay of this Court's July 29, 2009 order directing the turnover of funds held by Miller Electrical Mfg. Co. (such funds being otherwise payable to Plaintiff). Federal Rule of Civil Procedure 62(d) provides that an "appellant may obtain a stay by superseadas bond." Plaintiff seeks a stay without posting a superseadas bond on the grounds that the levy placed upon the

-2-

funds currently held by Miller Electrical provide sufficient security to ensure that Defendants' judgement award will be satisfied in the event that Plaintiff's appeal is unsuccessful.

"[I]t is the general consensus of our sister courts and of those Courts of Appeals of other Circuits which have considered this matter that district judges should only exercise their discretion to waive the bond requirement in exceptional circumstances and where there exists an alternative means of securing the judgment creditor's interest." AMG Nat'l Trust Bank v. Ries, No. 06-cv-4337, 2008 U.S. Dist. LEXIS 44014, at *3, 2008 WL 2312352 (E.D. Pa. June 4, 2008). In determining whether "exceptional circumstances" exist, courts in this circuit have considered the following factors

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Munoz v. City of Philadelphia, 537 F.Supp.2d 749, 751 (E.D. Pa. 2008) (citing Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988)); see also Hurley v. Atlantic City Police Dept., 944 F.Supp. 371, 374 (D.N.J. 1996) (citing Dillon, 866 F.2d at 904-05); Leff v. First Horizon Home Loan, No. 05-3648, 2007 U.S. Dist. LEXIS 65094, at *19, 2007 WL 2572362 (D.N.J. Sept. 4 2007) (citing Hurley, 944 F.Supp. at 374). Plaintiff has failed to present any evidence of such "exceptional circumstances". The Court finds that absent such exceptional circumstances, plaintiff's argument that there exists an alternative means for securing defendant's judgement interests is not a compelling reason to waive Federal Rule 62(d)'s bond requirement. Accordingly,

It is on this 14th day of August, 2009,

-3-

**ORDERED** that plaintiff's motion for a stay of this Court's July 29, 2009 order directing the turnover of funds held by Miller Electrical Mfg. Co pending the appeal of that same order is **DENIED**;

It is further **ORDERED** that Plaintiff's motion for a stay of the July 29, 2009 turnover of funds order pending the appeal of this order is also **DENIED**.

<u>s/ William H. Walls</u>
United States Senior District Judge