NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTOS TECH CO., LTD., | |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 03-1979 (WHW) |
| OGK AMERICA, INC. & YALE KIM A/K/A YOUNGIL KIM, | |
| Defendants. | |

**Walls, Senior District Judge**

Plaintiff Otos Tech Co., Ltd. ("Plaintiff") moves to Clarify or Reconsider this Court's August 24, 2009 letter to the parties. The motion is denied.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiff brought suit in this Court in May 2003 against OGK America, Inc. and Yale Kim ("Defendants") for breach of contract and conversion. Defendants counterclaimed for breach of contract, breach of a settlement agreement, and breach of the covenant of good faith and fair dealing. In late 2004, before judgment was rendered in this Court, Plaintiff filed an action in Korea asserting identical claims against Defendants. On December 16, 2005, the Korean court awarded Plaintiff $587,755.00. After Defendants appealed, the Supreme Court of Korea affirmed the judgment on December 28, 2008.

**NOT FOR PUBLICATION**

Judgment was entered by this Court on August 11, 2006, awarding Plaintiff $587,755.00 and Defendants $910,000 on their counterclaim. (Dkt 45.) In October 2008, the Third Circuit affirmed this Court's judgment and awarded Defendants post-judgment interest on $322,244.95, the difference between Plaintiff's and Defendants' awards. <u>Otos Tech Co., Ltd. v. OGK Am., Inc.</u>, Civ Nos. 07-3627 & 07-3775, 2008 WL 4531968 (3d Cir. Oct. 11, 2008).

On July 29, 2009, this Court denied Plaintiff's request for a set-off of its Korean judgment against this Court's judgment, and ordered Plaintiff to turn over funds owed to Defendants within 15 days of the Order. (Dkt 80 (Order entered on July 30, 2009).) On August 10, 2009, Plaintiff moved to stay the July 29 turnover order pending its appeal of the order to the Third Circuit. (Dkt 82.) On August 14, 2009, the Court denied Plaintiff's motion. (Dkt 86.)

On August 17, 2009, at 5:19 pm, Plaintiff filed another motion to stay the July 29 Turnover Order. (Dkt 87; Dory Cert. ¶ 10.) On August 17, 2009, at 5:26 pm, Miller Electric Manufacturing Co. ("Miller") turned over $959,668.09 held on behalf of Plaintiff to Defendants' counsel. (Dory Cert. ¶ 10.) On August 17, 2009, the Court granted Plaintiff's second motion to stay through August 18, 2009 in order to allow Plaintiff the opportunity to post a supersedeas bond pending appeal; this Order was entered onto the docket on August 18, 2009. (Dkt 88.) During a conference call with counsel on August 18, 2009, counsel for Plaintiff and Defendants informed the Court that the funds had already been turned over to Defendants' counsel on August 17, 2009.

On August 21, 2009, counsel for Defendants moved to vacate the Court's August 17, 2009 Order on the Motion to Stay. (Dkt 89.) On August 24, 2009, the Court issued a letter

**NOT FOR PUBLICATION**

clarifying that the August 17, 2009 Order stayed the Turnover Order through August 18, 2009 only, and that, as of August 19, 2009, the Turnover Order was in force. (Dkt 90, 91.)

On September 3, 2009, Plaintiff filed a "Motion to Clarify (or, in the Alternative, Reconsider) This Court's August 24, 2009 Order." (Dkt 92.) Defendants opposed this motion (Dkt 93) and Plaintiff replied (Dkt 94.) The Motion is now before the Court.

**DISCUSSION**

Defendants' August 21, 2009 Motion to Vacate the Court's August 17 Order was unnecessary because the Court's August 17 Order – by its own terms – was only in force until August 18. This much should have been apparent to the parties from a cursory reading of the Order. Nevertheless, the Court issued a letter on August 24, 2009 clarifying that, as of August 19, the August 17 Order had lapsed and the July 29 Turnover Order was in force.

Plaintiff's September 3 Motion to Clarify or Reconsider the Court's August 24 Order was not only unnecessary but meritless. This Court's August 24 letter clarified what should have already been clear to the parties from reading the docket, and there was no need to further clarify the letter itself. Morever, the letter was not an order and did not order anything to be done; thus, Plaintiff's assertion that it was not given the opportunity to oppose Defendants' August 21 motion before the Court issued its August 24 "order" is meritless, as Defendants' motion presented no arguments to be opposed and the Court's letter decided nothing. Finally, because the Court's August 24 letter decided nothing, there are no decisions in that letter for the Court to "reconsider." What Plaintiff is actually asking the Court to reconsider is the denial of Plaintiff's request that its Korean judgment be set-off against the judgment it owes to Defendants in this

-3-

**NOT FOR PUBLICATION**

case. Because the Court denied that request in its July 29 Opinion and Order – and not in its August 24 letter – Plaintiff's September 3 Motion to reconsider that decision was clearly untimely under the local rules. L. R. Civ. P. 7.1(i) ("A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion."). In addition, the supposed basis for Plaintiff's motion for reconsideration – a lengthy exposition regarding fluctuations in exchange rates between Korean and American currencies – is a matter that could have been properly addressed if Plaintiff had followed this Court's advice to "seek to enforce the Korean judgment in a separate proceeding." (July 29, 2009 Opinion, Dkt 79.)

      Finally, both Plaintiff's and Defendants' motions appear to be moot because Plaintiff's agent has already turned the funds over to Defendants' counsel. (Dory Cert. ¶ 10.) To the extent that the parties are seeking a statement from this Court regarding whether Defendants' counsel should turn the funds over to its client pending Plaintiff's appeal of the July 29 Turnover Order to the Circuit, that decision is within the discretion of Defendants' counsel and is not a matter for this Court to decide.

**CONCLUSION**

      It is on this 9th day of November, 2009:

      ORDERED that Plaintiff's Motion to Clarify or Reconsider the Court's August 24, 2009 Order is DENIED.

      /s/ **William H. Walls**
      United States Senior District Judge