**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OTOS TECH CO., LTD., | : | |
| | : | |
| Plaintiff, | : | OPINION |
| | : | |
| v. | : | Civ. No. 03-1979 (WHW) |
| | : | |
| OGK AMERICA, INC., AND YALE KIM AKA YOUNGIL KIM, | : | |
| | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Otos Tech Co., Ltd. ("Otos") requests an order enforcing the judgment of the Supreme Court of South Korea so that it is equalized with the American judgment. The motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Otos brought suit against OGK America, Inc. ("OGK") and Yale Kim for breach of contract and conversion in 2003 in the District of New Jersey. The defendants counterclaimed for breach of contract, breach of a settlement agreement and breach of the covenant of good faith and fair dealing. Before this action was completed, Otos brought an action against Kim asserting identical claims in South Korea. In the Korean action, Otos obtained a provisional attachment of some of Kim's assets. Otos' claims in this Court and in Korea concerned the conversion of the same three checks worth $587,755.05.

1

**NOT FOR PUBLICATION**

On December 16, 2005, the Korean court awarded Otos 607,156,665KRW. This amount, in Korean Currency, was later reduced to 544,920,318KRW.[1] This award was equivalent to $587,755.05 in U.S. Dollars. The award in Korean currency was calculated using a fixed exchange rate proscribed by Korean law as "the foreign currency exchange rate of the date closest to the date of the oral proceeding." (December 16, 2005 Korean Judgment, 17.) The award was subject to five percent post-judgment interest from April 1, 2005, through February 6, 2007, and twenty percent post-judgment interest from February 7, 2007, until the judgment was satisfied. Kim appealed and the Supreme Court of Korea affirmed the judgment in December 2008.

In this country, this Court entered judgment in August 2006. Otos was awarded $587,755.05 and defendants were awarded $910,000 on their counterclaim. The Third Circuit affirmed the judgment and defendants were awarded post-judgment interest on $322,244.95, the difference between the two awards. Otos Tech Co., Ltd. v. OGK Am., Inc., Nos. 07-3627 & 07-3775, 2008 WL 4531968 (3d Cir. Oct. 11, 2008). The defendants have been paid the full amount of the American judgment.

As to the Korean judgment, Kim made a series of payments either directly to Otos or by depositing funds with the Korean court. In November 2006, Otos was paid 53,474,992KRW. Between October 2008 and February 2009, Kim made four deposits with the Korean court for Otos amounting to 754,144,142KRW.[2] In total, Kim has paid 807,619,134KRW under the

---

[1] KRW refers to South Korean Won.

[2] There is a minor discrepancy concerning the amount of one of Kim's deposits with the Korean court. Kim notes that he deposited 261,000,000KRW with the Korean court but also notes that Otos was paid 257,657,946KRW out of this deposit. Both of these numbers are used in calculating the amount paid to Otos in various court filings. As Kim has provided a court document showing that 257,657,946KRW was allocated to Otos, this is the number that will be utilized in the Court's calculations.

Korean judgment.[3]  When Otos attempted to obtain additional funds from Kim the Korean court found that the Korean judgment had been fully satisfied.  That court held that "it is clear that, as [Otos] accepted the allocated amount and payments and [Kim] placed the reimbursement deposition for [Otos], the payment of the principal and interest on late payment which the above irrevocable judgment ordered [Kim] to make was fully carried out."  (February 16, 2009 Korean Order.)  Otos now attempts to recover additional funds from the defendants in the United States claiming that fluctuations in the exchange rate have resulted in the Korean judgment being worth less than the American judgment.

## LEGAL STANDARD

New Jersey courts are required to give the judgments of sister states full faith and credit pursuant to the United States Constitution.  U.S. Const. art. IV, § 1; Peju Province Winery v. Eibert, 2007 WL 1468635, at *2 (N.J. Super. App. Div. May 23, 2007).  "The Treaty of Friendship, Commerce and Navigation Between the United States of America and The Republic of Korea, 8 U.S.T. 2217, elevates a Korean judgment to the status of a sister state judgment." Choi v. Kim, 50 F.2d 244, 248 (3d Cir. 1995).

This is a diversity action.  New Jersey law will govern whether the judgment is recognized in this Court.  Id.  New Jersey courts will enforce foreign judgments when the rendering jurisdiction (1) had personal jurisdiction over the defendant, (2) had subject matter jurisdiction over the action, and (3) provided the judgment debtor with adequate notice and an opportunity to be heard.  Damonte v. Martucci, 2008 WL 150061, at *3 (N.J. Super. App. Div. Jan. 17, 2008).  Without any of these due process defenses, "litigation pursued to judgment in a sister state is conclusive of the rights of the parties in the courts of every state as though

---

[3] Kim claims to have paid a total of 797,619,134KRW.  This appears to be a mathematical error.

adjudicated therein." Sonntag Reporting Serv., Ltd. v. Ciccarelli, 865 A.2d 747, 750 (N.J. Super. App. Div. 2005).

## DISCUSSION

*Validity of Korean Judgment*

Defendants state that the Korean judgment is valid and final. They also argue that, in the alternative, Otos has not established the Korean judgment's validity. Defendants do not contest personal or subject matter jurisdiction and Kim had notice of, and was an active participant in, the Korean proceeding. Instead, defendants claim that the Korean judgment is not valid because it violates due process and was obtained by fraud.

Defendants claim that Kim's first notice of the Korean action was the attachment of certain property. Otos concedes that Kim did not have advance notice of the provisional attachment, but argues that this is permissible under Korean law. Otos further contends that the attachment procedure is a separate legal action from the lawsuit at issue, and that the lawsuit comports with American due process requirements.

Defendants cite Choi v. Kim, 50 F.3d 244 (3d Cir. 1995), arguing that the attachment of Kim's property violated due process because of the lack of judicial oversight. Choi is distinguishable. In Choi, the question was whether an order of execution providing for the seizure of the defendant's property constituted a valid judgment. Choi, 50 F.3d at 248. Here, the question is not whether the application for the seizure of Kim's assets, which Kim likens to the order of execution at issue in Choi, provided adequate due process, but whether the proceedings concerning Kim's conversion of the checks afforded appropriate due process.

In Korean legal proceedings "parties receive notice, the right to the [sic] legal counsel, the right to present evidence and witnesses and to examine evidence offered against them, and a

4

**NOT FOR PUBLICATION**

right to appeal to a higher court." Samyang Food Co., Ltd v. Pneumatic Scale Corp., 2005 WL 2711526, at *6 (N.D. Ohio Oct. 21, 2005). Kim was afforded each of these rights in the Korean action and he does not claim otherwise. He received notice of the proceeding, was represented by a lawyer, asserted a counterclaim, presented evidence and appealed the judgment. While defendants also note that the Korean action proceeded before a judge instead of before a jury, the lack of a jury trial does not result in a due process violation. In re Ephedra Prod. Liab. Litig., 349 B.R. 333, 336-37 (S.D.N.Y. 2006). Defendants have not established that the conversion proceeding violated due process.

  Defendants also argue that the Korean judgment was obtained by fraud. Defendants claim that Otos told the Korean court that the American action would not reach trial until 2007 and that the claims in the two matters were different. Because the Korean court did not rely on either of these reasons in determining that its action could continue, the Korean judgment was not obtained through fraud. The Korean court noted that it was unclear whether the two matters were identical but found that the matter should proceed because Korean Civil Proceeding Law did not apply to foreign courts and as "the rulings of foreign courts are not necessarily uniformly accepted," the case was not duplicative. (December 16, 2005 Korean Judgment, 9.) Because there is no evidence that the judgment was obtained by fraud and defendants have not established any due process violations, the Korean judgment is valid.

*Enforcing the Korean Judgment*

  Otos contends that, due to fluctuations in the exchange rate, the amount it has been paid under the Korean judgment is worth substantially less than the amount it would have received under the American judgment. At no point does Otos argue that the Korean judgment has not

**NOT FOR PUBLICATION**

been fully satisfied. Instead, it seeks to "equalize" the Korean judgment with the American judgment. There is nothing to equalize.

Otos cites no law for its assertion that it should be able to recover additional funds due to exchange rate fluctuations. Instead, Otos simply asserts that it has been underpaid and calculates the amount it believes it is owed. To do this, it converts the payments it received in South Korean Won into dollars. Instead of using the exchange rate the Korean court found was appropriate under Korean law, Otos calculates the amount it has received in dollars using the exchange rates as they existed when the payments were made. Otos provides no legal justification for using these exchange rates.

Otos brought a suit in the United States and then brought *another* suit concerning the conversion of the *same* checks in Korea. The Korean judgment calculated the amount Otos was owed for the conversion under Korean law. This amount was 544,920,318KRW plus post-judgment interest. Both parties agree that this judgment serves as compensation for the conversion of the checks. According to the Korean court Kim has fully satisfied this judgment. As a plaintiff may not "receive more than one recovery for the same harm," 22 Am. Jur. 2d Damages §28 (2010), Otos may not seek to "enforce" the Korean judgment here by claiming that a different exchange rate should be used. This would result in a double recovery for Otos and is to be avoided. See American Express Co. v. Brown, 392 F. Supp. 235, 237 (D.C.N.Y. 1975) (holding that judgment in America would only be entered on the condition that defendant not pay the corresponding English judgment so as to prevent a double recovery); cf. Accident Fund Ins. Co. v. PML Holdings Grp., L.L.C., 2009 WL 4724804, at *7 (N.J. Super. App. Div. Dec. 11, 2009) (holding that the plaintiff had not established a double recovery because the related judgment had not been satisfied).

**NOT FOR PUBLICATION**

## CONCLUSION

The Korean judgment is valid and has been fully satisfied. Otos' motion to enforce the Korean judgment in this Court is denied.

**s/ William H. Walls**
United States Senior District Judge
