**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTOS TECH CO., LTD., <br>        Plaintiff, <br><br> v. <br><br> OGK AMERICA, INC. & YALE KIM A/K/A/YOUNGIL KIM., <br><br>        Defendants. | **OPINION** <br><br> Civ. No. 03-1979 (WHW) |

**Walls, Senior District Judge**

Defendants OGK America, Inc. and Yale Kim ("OGK") request a warrant of satisfaction of the judgment for $587,755.05 in favor of the plaintiff, Otos Tech Co., Ltd. ("Otos"). The motion is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case have been fully laid out in this Court's most recent opinion on this matter. Otos Tech Co., Ltd. v. OGK Am., Inc., Civ. No. 03-1979, 2010 U.S. Dist. LEXIS 133107, at *2-4 (D.N.J. Dec. 16, 2010). The relevant facts to this proceeding are set out briefly.

Otos obtained a judgment against the defendants in this Court in the amount of $587,755.05 for conversion of three checks. Dkt. 45. Otos obtained a judgment for an equivalent amount in Korean currency for the same three checks in the Supreme Court of Korea. Otos Tech Co., Ltd., Civ. No. 03-1979, 2010 U.S. Dist. LEXIS 133107, at *2. Defendant Kim has paid 807,619,134 South Korean Won under the Korean judgment. Id. at *3. "[T]he Korean court

**NOT FOR PUBLICATION**

found that the Korean judgment had been fully satisfied." Id. at *3-4 (citing February 16, 2009 Korean Order).

Nonetheless, Otos filed a motion to enforce the Korean judgment in this Court. Id. at *1-2. Otos argued that "due to fluctuations in the exchange rate, the amount it has been paid under the Korean judgment is worth substantially less than the amount it would have received under the American judgment." Id. at *8. This Court found that

> Both parties agree that [the Korean judgment] serves as compensation for the conversion of the checks. ... As a plaintiff may not 'receive more than one recovery for the same harm,' Otos may not seek to 'enforce' the Korean judgment here by claiming that a different exchange rate should be used. This would result in a double recovery for Otos and is to be avoided.

Id. at *9-10 (internal citations omitted). This Court then held that "The Korean judgment is valid and has been fully satisfied." Id. at *10.

The Third Circuit affirmed, stating that "The record now appears clear that Kim has satisfied the Korean judgment. A Korean court has explicitly held as much and Otos has not contested this fact below or on appeal. ... We therefore agree with the District Court's conclusion that the judgment in this case 'has been fully satisfied.'" Otos Tech Co., Ltd. v. OGK Am., Inc., 653 F.3d 310, 313 (3d Cir. 2011).

Defendants have moved for entry of a warrant of satisfaction for the American judgment because "Otos refuses to enter a warrant of satisfaction for its American judgment ...." Pl. Br. at 1 (Dkt. 109). On October 3, 2011 Otos filed a brief in opposition to the defendants' motion. Dkt. 110. On October 4, 2011 Otos withdrew its opposition to the motion for a warrant of satisfaction, leaving the motion unopposed. Dkt. 111.

**NOT FOR PUBLICATION**

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(5) states "On motion and just terms, the court may relieve a party … from a final judgment … for the following reasons: … (5) the judgment has been satisfied …." See also Sunderland v. Phila., 575 F.2d 1089, 1090 (3d Cir. 1978) ("It is true that a trial judge has considerable discretion in deciding motions under Rule 60(b). But a district court does not have discretion to require two satisfactions …." (internal citation omitted)). "The only question is whether the judgment from which relief is sought has, indeed, been satisfied." 12 James Wm. Moore, et al., Moore's Federal Practice § 60.45 (2011).

## DISCUSSION

As laid out in this Court's most recent opinion and affirmed in the Third Circuit's most recent opinion on this case, there is no question that this judgment has been satisfied. Otos Tech Co., Ltd., 653 F.3d at 310; Otos Tech Co., Ltd., Civ. No. 03-1979, 2010 U.S. Dist. LEXIS 133107, at *8-10. The American judgment and the Korean judgment both awarded the value of the same three checks. Otos can only recover once for that claim. The South Korean court has clearly held that its judgment was fully satisfied. Id. Allowing Otos to recover on its American judgment would allow it to obtain double recovery. It follows that the judgment Otos obtained in this court has been fully satisfied by the payments defendants made in South Korea.

## CONCLUSION

This Court's judgment in favor of Otos has been fully satisfied through payments made by defendants in the South Korean proceedings over the same three checks. OGK's motion for entry of a warrant of satisfaction is granted.

_United States Senior District Judge_